HILL COUNTY BOARD OF SCHOOL TRUSTEES et al. v. BRUTON et al.
(No. 8346.)

(Court of Civil Appeals of Texas. Dallas. Dec. 20, 1919.)

1. SCHOOLS AND SCHOOL DISTRICTS ⬳37(5)— ORDER TRANSFERRING PORTION OF SCHOOL DISTRICT TO ANOTHER DISTRICT DEFECTIVE.

Order of county school trustees, apportioning a part of consolidated district to an independent district, held to insufficiently comply with Rev. St. 1911, art. 2817, requiring land affected to be described by metes and bounds.

2. SCHOOLS AND SCHOOL DISTRICTS ⬳39— QUESTION WHETHER APPORTIONMENT OF PART OF ONE DISTRICT TO ANOTHER WAS FOR PUBLIC GOOD FOR DISTRICT COURT.

Under Vernon's Ann. Civ. St. Supp. 1918, art. 2749d, giving district court general supervisory control over action of county board of school trustees in creating, changing, or modifying school districts, court had power to determine whether order of county board, apportioning part of consolidated district to an independent district, was for the public good, where the evidence was contradictory.

3. SCHOOLS AND SCHOOL DISTRICTS ⬳39— POWER OF DISTRICT COURT AS TO CHANGING OR MODIFYING SCHOOL DISTRICTS ABSOLUTE.

District court's power to try a cause to enjoin county school trustees from apportioning part of consolidated district to an independent district, and to correct any error or mistake made by the county board of trustees under Vernon's Ann. Civ. St. Supp. 1918, art. 2749d, is absolute.

4. SCHOOLS AND SCHOOL DISTRICTS ·⬳36— APPORTIONMENT OF PART OF ONE DISTRICT TO ANOTHER DISTRICT ABUSE OF DISCRETION.

Where apportionment of part of consolidated school district to an independent district would make it impossible for children of the affected territory to attend school during wet weather because of bad roads, the county board of trustees, in ordering such apportionment, abused its discretion.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by J. J. Bruton and others against the Hill County Board of School Trustees and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Vaughan & Abney, of Hillsboro, for appellants.

Collins & Cummings and Dupree & Crenshaw, all of Hillsboro, for appellees.

RAINEY, C. J. On April 12, 1919, the county board of school trustees of Hill county, on petition, consolidated White Common school district No. 23, Prairie View common school district No. 103, and Pierce common school district No. 21, in order that high school might be established; the same to be known as the White school district No. 23. On April 26, 1919, said board of county trustees entered an order attempting to apportion to Irene independent school district 2,540 acres of the White common school district No. 23, and the remainder of said consolidated districts to remain together. The appellees, trustees of the consolidated districts, sued out an injunction restraining the carrying out of the order attaching said portion of district No. 23 to the Irene district for the following reasons:

(1) That the order was vague and indefinite, causing confusion and uncertainty, and interfering with the use of said land for school purposes.

(2) That said order was in gross disregard of the public good and in violation of the wishes of a majority of the property taxpaying voters within the territory so sought to be detached.

(3) That it is in utter disregard of a majority of the electors and property taxpayers residing in said detached portion, who had petitioned to said board to desist from so acting, and which was contrary to the welfare of the children of scholastic age residing in said territory.

(4) That the land sought to be detached was very fertile and thickly populated, and to so detach it would so cripple the consolidated districts in building a high school building as to render it impossible to meet the requirements of the scholastic population residing in said territory.

(5) That it was not for the good of the public, as it would require the children residing therein to travel a greater distance, and over and along a road subject to overflow and impassable in wet weather, and frequently dangerous to children of tender years.

Defendants answered that they had been duly elected, and were acting and qualified, county school trustees of Hill county, and constitute a body corporate, etc.; that respondent Frank Van Winkle was duly elected and qualified county superintendent of public instruction of said county and ex officio secretary of said board of trustees, etc.; that immediately preceding the order of April 26, 1919, the inhabitants in the territory lying west, composed of White district No. 23, district No. 103, and district No. 21, for a long time had comprised three school districts of small tracts of land, in the aggregate about 12,500 acres, and, being unable to maintain schools, said trustees determined to detach from it Prairie View common school district No. 103 and add to Malone common independent school district the southern end of said Prairie View district, and to detach from White common school district No. 23 certain territory on the eastern side of said district, and add same to said Irene district, and consolidate the remaining three districts. They also allege that every person residing in said detached territory is nearer to the Irene school; that the distance variously to be traveled is no greater to, and the roads are as accessible to, Irene school, as to the White territory, and the change was for the public good and welfare, and is beneficial to the children in said territory; that the order of said trustees here attacked was clear and explicit, and sufficient to inform all parties of its motive, etc.; that acts as done by said trustees in changing said districts as then existing make them of equal size, and render the districts capable of taking care of themselves, and were for the public good and education. But, if appellees' contention prevails, Irene district will be crippled financially, and will be unable to maintain the high standard for the good of the scholastic population.

Plaintiffs replied to defendants' answer by general demurrer and general denial, and contending that children going to Irene school from the consolidated district is on account of superior facilities of the Irene school, but contend that in the building of a high school in the consolidated districts they will be better accommodated as to roads and distance, and will make exchange to consolidated district, etc. They also deny that Irene district needed the territory, and claim that it was financially able from the taxation of its property to keep up the school, etc.

The case was submitted to the jury on special issues. Upon the answer to each being returned, the court rendered a judgment in favor of appellees.

The first and second assignments are grouped by appellants and present the same proposition, in that the court erred in refusing to instruct the jury peremptorily to find a verdict for plaintiff, for that the evidence showed that the board of county school trustees of Hill county had entered the order changing said district, and it was for the public good, and the evidence did not show any issue that said board had abused its discretion in making said change. The order of the board of county school trustees to detach the territory in controversy, made April 26, 1919, is as follows:

"A motion was made by W. H. Woolsey and seconded by Mr. Henderson that White, No. 23, Prairie View, No. 103, and Pierce Chapel, No. 21, apportioning that neck lying on south side of a continuation of the south line running west with south line of Prairie View district, beginning at the S. E. corner Navarro school

land apportion to Malone; also apportioning to Irene that portion of White common school district No. 23 east of a line running north between Matson and White, beginning at S. E. corner of White district, following south line of said district and west line of said district to where it will permit a direct line drawn with west line of the White's 1,400-acre tract of land, continuing line directly straight to Pecan creek, thence with meandering of Pecan creek to Irene independent school district line; all the remaining parts to be consolidated as White consolidated school district No. 23. Motion carried."

Frank Van Winkle, secretary of the county school board, testified in reference to the making of said order as follows:

"At the time I entered that order I did not have before me the field notes describing the property by metes and bounds. At the time I entered the order in the minutes I did not have the surveys and parts of surveys included in the territory. I did not have the total acreage involved in the order at that time. At the time I took the memorandum from which that order was entered the board did not have before it the metes and bounds of this disputed territory. They did not have the surveys and parts of surveys included in the disputed territory. So far as I know they did not have the amount of acreage before them. I was present at the meeting. I was there during all of the meeting. Those metes and bounds and field notes were not presented to the board during that meeting. With reference to the description of the land that was cut off of White common school district and added to the Irene independent school district, I recall that the board of trustees had before them a school map of Hill county and an Irene map, and they mapped out the territory they wished to cut off of the White common school district and to be added to the Irene independent school district, and thoroughly discussed that, and directed me in reference to it before they adjourned. I was instructed by them to prepare the order in accordance with that agreement. I understood at the time the land that they wished to cut off and add down there. I had gone over the territory and knew it. I had looked at the territory. I knew it from the location on the ground as well as on the map. In drawing the order, I had before me this data that has been referred to. That school map does not contain the metes and bounds of the various surveys. It is just a map."

[1] The appellees attack said order as being overruled, as it—

"fails to describe the changes made by metes and bounds, or to give the surveys and parts of surveys contained therein or required by the statutes."

Our Revised Statutes, art. 2817, provides:

"School districts shall be so made, as to be as convenient as possible to the scholastic population; and said courts shall give the metes and bounds of each district, and shall designate the same carefully by giving the whole surveys and parts of surveys with acreage of whole surveys and approximate acreage of parts of surveys in each district, and the county clerk shall carefully record the same; and each district shall be given a number, which number shall be painted in large letters or figures over the doors of the schoolhouses, said signs to be provided by the district trustees of each district."

We are of the opinion that the said order fails to comply with the statute, as stated by appellees.

[2] The first proposition under the first and second assignments is:

"The only issue which should have been submitted to the jury was whether or not it was the judgment of the county school trustees of Hill county, Tex., that the entering of the order complained of by appellees was for the public good, and that the public good demanded such order to be made; and there being no evidence to show that it was not the judgment of the county school trustees of Hill county, Tex., that the entering of the order complained of by appellees was not for the public good, and that the public good did not demand such order to be made, it was the duty of the court to have sustained appellants' motion for instructed verdict."

We do not agree with appellants that the only issue was whether or not the order made by the county board was conclusive under the evidence that it was for the public good. The evidence was contradictory, and there was enough to raise the issue of fact whether or not such order was for the public good, and the district court was empowered to determine that question, as article 2749d, Vernon's Civil Statutes Supp. 1918, reads:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing and modifying school districts."

In defining general supervisory control, it is said in Re Weston, 28 Mont. 207, 72 Pac. 512:

"The supervisory power of this court operates only upon inferior courts, not upon persons; and, under the rule of interpretation provided by the Constitution itself, it cannot extend to or affect any other body or any individual or individuals. * * * Commenting upon the sweep of this power, this court, in State v. Dist. Court, 24 Mont. 562, 63 Pac. 400, said: 'As the appellate jurisdiction was granted for the purpose of revision and correction, and the original jurisdiction under these writs was granted to enable us to render such relief as is appropriate under them, so the supervisory power was granted to meet emergencies to which those other powers and instrumentalities are not commensurate. It is independent of both, and was designed to infringe upon the functions of neither. It has its own appropriate functions, and, without undertaking to define particularly what these functions are, we think one of them is to enable this court to control the course of litigation in the inferior courts where those courts are proceeding within their jurisdiction, but by a mistake of law, or willful disregard of it, are doing a gross injustice,

and there is no appeal, or the remedy by appeal is inadequate. Under such circumstances, the case being exigent, no relief could be granted under the other powers of this court, and a denial of a speedy remedy would be tantamount to a denial of justice.' "

[3] The power given to the district court is absolute to try the cause and correct any error or mistake made by the county board of trustees. This court has, in two cases, passed on this power, and in effect held as above stated. School Trustees v. Stiff, 190 S. W. 217; Price v. County Trustees, 192 S. W. 1140. In both of the foregoing cases the opinions were written by Mr. Justice Rasbury. In the Stiff Case he says:

"The evidence adduced at trial fairly supports such allegations, and as a consequence sustains the judgment. In such cases we are without authority to disturb the judgment of the court, as we would in like manner be without authority to disturb the verdict of a jury."

As said in the Price Case by Associate Justice Rasbury:

"The statutory rule of construction is that courts shall 'look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil, and the remedy.' Article 5502, Vernon's Sayles' Civil Stats. The absence in the old law of any declaration that any given court might supervise the action of the trustees, the numerous suits that constantly arise with reference to the creation, modification, and abolishment of school district lines, point unerringly, we believe, to the evil and the remedy sought; i. e., that some judicial tribunal might in an orderly way supervise, for the best interests of all concerned, the actions of the trustees. And that the lawmakers should have intended that the district court could supervise the trustees in every respect, save when districts were wholly abolished, would be to argue that it was intended only to correct the lesser evil. However, we think it clear that the result in the instant case was as much to change and modify common school district No. 82 as it was to abolish it. The district was not abolished, in the sense that the children in the territory composing the old district were without school facilities, but was changed and modified by attaching a portion to one district and a part to another. Particularly do we think such an arrangement was, in the broad and general meaning of the term, a 'change' in the district, as will appear from the definition of the word. Accordingly we conclude that the authority conferred upon district courts, even though special, was broad enough to include the relief sought by the petition. For the reasons therein stated, we also adhere to our former ruling in Collin County School Trustees v. Stiff, supra, following Clark v. Hallam, 187 S. W. 964, that the Legislature having conferred jurisdiction upon the district court to supervise the matters involved here, the right to litigate such matters in the district court is not controlled by articles 4509, 4510, Vernon's Sayles' Civ. Stats., providing for appeals from acts of the trustees to state superintendent, and thence to state board of education."

So in this case the district court, with the aid of a jury, differed from the school trustees that it was for the public good that such change was made.

The following issues were submitted to the jury by the court, and answers returned as indicated, viz.:

"Special Issue No. 1: Is the road leading from the 2,540.4-acre tract of land to Irene subject to overflow in the vicinity of White Rock creek to such an extent as to prevent children residing on the 2,540.4-acre tract from attending school at Irene during wet weather? Answer: Yes."

"Special Issue No. 2: Is it for the best interest of public education and for the public good in that community that the 2,540.4 acres of land be detached from the proposed consolidated district, and attached to the Irene independent district? Answer: No."

"Special Issue No. 3: Is it for the best interest of the education of the children residing on the 2,540.4 acres of land be detached from the proposed consolidated district, and attached to the Irene independent school district? Answer: No."

"Special Issue No. 4: Did the board of county school trustees of Hill county, Texas, in making the order of date April 26, 1919, read in evidence before you, abuse the discretion conferred upon them by law? Answer: Yes."

"Special Issue No. 1 (requested by the respondents and given by the court): In making the change in the boundaries of the Irene independent school district, namely, detaching from White common school district No. 23 2,540.4 acres of land, and attaching said territory to Irene independent school district, was such change in the judgment of said board of county school trustees of Hill county, Texas, demanded by the public good? Answer: No."

"Special Issue No. 8 (requested by petitioners and given by the court): Is the road leading from the 2,540.4-acre tract to the site of the proposed new school in such condition as to prevent children residing on the 2,540.4-acre tract from attending school regularly at the proposed new school during the months when such school would be in session? Answer: No."

[4] All of said issues were pertinent to the case and arose from the evidence. We think the court was justified in submitting them, and that they support the judgment. All the assignments have been overruled, but none need further discussion.

The judgment is affirmed.