Court of Civil Appeals of Texas. Eastland.
Nov. 22, 1929.

Rehearing Denied Dec. 20, 1929.

Eugene Lankford and Scott & Gilbert, all of Cisco, for appellants.

Dallas Scarborough, of Abilene, and B. L. Russell, of Baird, for appellees.

HICKMAN, C. J. The appeal is from a judgment sustaining a general demurrer to the first amended original petition of appellants and dismissing the cause from the docket. Appellants are a large number of residents of what was formerly known as Erath common school district No. 14, in Callahan county, and the appellees are the trustees of consolidated school district No. 5 of that county. Three common school districts were consolidated under the provisions of article 2806 et seq., of the Revised Statutes of 1925, by elections held in each of the districts. Thereafter, trustees were elected and assumed control of the public schools of the consolidated district. Prior to the consolidation a public school was maintained in each district. Appellants reside within the territory formerly constituting Erath district, one of the three entering into the consolidation. The only question which we have for consideration is the sufficiency of appellants' first-amended original petition to state a cause of action for injunction, and it is therefore unnecessary to recite the history of the litigation and various orders, etc., prior to the final sustaining of the general demurrer and dismissing the cause.

The injunction sought was for two purposes—(1) to declare the consolidation of the three districts illegal and all actions of the trustees of the consolidation void, and (2) to restrain the trustees of the consolidated district from tearing down or removing the schoolhouse from the Erath district, and requiring the trustees to recognize and maintain an elementary school in said district during the time that school is conducted in any other part of the consolidated district. It is sought in the petition to have the consolidated district dissolved and all actions of the trustees thereof declared void on the ground that the notice of election to consolidate issued by the county judge stated that only "property taxpaying voters" should be entitled to vote at said election, whereas, under the statutes, all legally qualified voters were entitled to vote. It was alleged that at said election the judges required every one applying to vote to present a property tax receipt before he or she was permitted to vote, and that "some of the citizens and patrons of the school who were legally qualified voters did not attend said election and those who did attend and had no property tax receipts were not permitted to vote."

This action is not a contest of an election, but is a collateral attack upon the existence of the consolidated school district. There being a valid statute under which the election was ordered and conducted, and the only complaint being that the officers acting under the valid statute failed to comply therewith, it is the well-settled law of this state that appellants have not the right to maintain a suit challenging the validity of the dis-

trict. A great many of the leading cases on this question are cited by the Commission of Appeals in the case of Kuhn v. City of Yoakum, 6 S.W.(2d) 91, and no further citation of authority is deemed necessary.

■ The other question of law presented by the petition relates to the power of trustees of a consolidated district to discontinue an elementary school theretofore maintained in one of the districts entering into the consolidation. The petition alleges no fraud on the part of the trustees, but alleges that, if the school is discontinued in the old Erath district, and but one schoolhouse is built in the consolidated district, such schoolhouse will be located at such distance from the homes of appellants as that it will be impossible for their children to attend in bad weather. Other allegations of similar import are made. A determination of this question depends upon the construction to be given to article 2806 et seq., Rev. St. 1925. If the proper construction of those articles is that the consolidation was for high school purposes only, that each of the districts entering into the consolidation maintained its separate identity thereafter, and that the duty of the trustees of the consolidated district was to recognize the then existing schools in each district, without any discretion as to the location of schools in the consolidated district, then appellants' contention should be upheld. But we think this construction is incorrect. This conclusion is compelled by the fact that by the provisions of article 2922a et seq. of the Revised Statutes of 1925 (as amended by Laws 1st Called Sess. 1927, c. 78), a method is provided whereby common school districts may be grouped for high school purposes. Those articles fully outline the method for grouping the districts, and it is clear that by such grouping the several districts do not lose their identity. The articles under construction (article 2806 et seq.) relate, not to a method of grouping districts for high school purposes, but to the consolidation of districts, not only for high school purposes, but for all school purposes. To our minds the two groups of statutes cover separate and distinct fields. Otherwise there would have been no occasion for the enactment of article 2922a et seq., Rev. St. 1925. Grouping districts for a particular purpose differs widely from consolidating them.

In the case of County Board of School Trustees v. Wilson (Tex. Civ. App.) 5 S.W.

(2d) 805, 807, the distinction between article 2806 et seq. and article 2922a et seq. (as amended by Laws 1st Called Sess. 1927, c. 78), is clearly stated in this language: "When two or more districts are consolidated under the articles above referred to, each district loses its separate identity, unless it be for certain limited purposes in connection with taxation, and they together thereafter constitute a single district as though they had never had separate existence. In such cases elementary schools may be located by the board of trustees of the consolidated district as need therefor may appear. R. S. art. 2811. On the contrary, when two or more common school districts are grouped to form a high school district, as above shown, each of such districts retains its identity. * * *"

■ It follows, we think, that in this suit the appellants are seeking by injunction to control a matter resting within the discretion of the board of trustees, without allegations of fraud or such abuse of discretion as would warrant a court in substituting its own discretion for that of the board. The general demurrer was properly sustained, and the judgment of the trial court is affirmed.

### On Rehearing.

In their motion for rehearing appellants cite the case of Hill County Board of School Trustees v. Bruton (Tex. Civ. App.) 217 S. W. 709, and present that we are in conflict with that decision. We think the question presented in that case is a different one to that involved in this case. That opinion involved the right of a district court to supervise the actions of a county board of school trustees. The statute there relied upon was article 2749–d, Vernon's Civil Statutes Supplement 1918. That article is now article 2682, Rev. St. 1925, and vests in district courts general supervisory control of the actions of the county board of school trustees in creating, changing, and modifying school districts. In the instant case no action of the county board of school trustees is involved. The three common school districts were consolidated into one district by an election held in each district. The county board of school trustees entered no order in connection therewith, and no action of that board is presented for our consideration.

The motion for rehearing will be overruled.