COUNTY BOARD OF SCHOOL TRUSTEES OF HALE COUNTY et al. v. MAYFIELD COMMON SCHOOL DIST. NO. 22 et al.

No. 5222.

Court of Civil Appeals of Texas. Amarillo.

April 29, 1940.

Rehearing Denied June 3, 1940.

W. D. Benson, Jr., and Geo. S. Berry, both of Lubbock, for appellants.

W. H. Evans, of Lubbock, and Dan M. Cook and Vincent Tudor, both of Plainview, for appellees.

FOLLEY, Justice.

This is an appeal from a temporary injunction restraining the County Board of School Trustees of Hale County, Texas, the Hale Center Independent School District and the trustees of such district from declaring the results of an election held on December 16, 1939 and from entering any orders in connection therewith. The election was held in accordance with articles 2922a and 2922c, Vernon's Annotated Civil Statutes, for the purpose of determining whether or not the Center Plains Common School District No. 4, the Clements Common School District No. 34, the Stoneback Common School District No. 19 and the Mayfield Common School District No. 22, should be annexed to the Hale Center Independent School District. All of such districts lie wholly within Hale County.

In order to fully comprehend the issues presented herein we deem it necessary to review briefly the factual background of the present litigation.

The Hale Center Independent School District has a scholastic population of 326 and an area of 44½ square miles; the Center Plains district a scholastic population of 24 and an area of 20 square miles; the Clements district a scholastic population of 26 and an area of 18 square miles; the Stoneback district a scholastic population of 31 with an area of 20 square miles; and

the Mayfield district a scholastic population of 43 and an area of 25 square miles. All of the districts in the aggregate were contiguous and contained as a whole an area of over 100 square miles but consisted of less than 7 elementary school districts. The Hale Center district has a bonded indebtedness of $70,750; the Clements district a bonded indebtedness of $1,500; and the Mayfield district a bonded indebtedness of $4,000. The other districts were not shown to have had any bonded indebtedness.

On June 18, 1938 the County Board of School Trustees of Hale County, purporting to act under the authority of article 2922a et seq., Vernon's Annotated Civil Statutes, entered an .order annexing the Center Plains district to the Hale Center district. On August 8, 1938 the same board entered its order under the same statutory authority annexing the Clements district to the enlarged Hale Center district. Immediately thereafter an election was held in the enlarged district upon the question of assuming the bonded indebtedness of the districts which election resulted in such assumption.

On July 15, 1939 the County Board of School Trustees, purporting to act under the authority of article 2922a et seq., issued its order annexing the Stoneback district to the combined districts of Hale Center, Center Plains and Clements. It will be noted from the above statement as to areas that the combined area in these four named districts was in excess of 100 square miles, and, therefore, under the provisions of article 2922c, an election in the proposed rural high school district was necessary to determine the question of annexation. No such election was held. However, an election was held in the alleged combined district upon the question of the assumption of the bonded indebtedness of the component districts which resulted in such assumption by the purported enlarged district.

On August 7, 1939 the County Board of School Trustees, also purporting to act under the authority of article 2922a et seq., ordered an election to be held on August 30, 1939 for the purpose of determining whether or not the Mayfield District should be annexed to the alleged enlarged district of Hale Center, Center Plains, Clements and Stoneback. There were 20 votes cast for annexation and 23 against annexation in the Mayfield district in such elec-

tion. In the Hale Center district as theretofore purportedly enlarged, however, the vote was 106 for and 3 against annexation.

On August 17, 1939, before the above election was held, independently of the present litigation, the Mayfield district instituted Cause No. 5113 in the District Court of Hale County against the County Board and the Hale Center district seeking to restrain the defendants therein from entering any orders annexing the Mayfield district to the enlarged Hale Center district. The court issued therein its temporary restraining order enjoining the County Board and the Hale Center district from proceeding further in the annexation other than holding the election on August 30, 1939 and tabulating the results thereof. In the meantime, in another action independent of the present suit, the State of Texas with the Clements district as the relator instituted a quo warranto proceeding in the same court in Cause No. 5150 in which an attack was made upon the validity of the annexation of the Clements district to the Hale Center district. In Cause No. 5150 wherein the Clements district was the relator, the Hale Center district and the County Board of School Trustees were respondents, and the Center Plains and Stoneback districts were interveners. On November 23, 1939 the district court entered a final judgment in Cause No. 5150 declaring void and of no effect all orders of the County Board made and entered attempting to annex or group the Center Plains, Clements and Stoneback districts with the Hale Center district and further decreeing that such districts should be restored to their former status. On the same day in Cause No. 5113 the court rendered judgment permanently enjoining and restraining the County Board of School Trustees and the Hale Center Independent School District from annexing the Mayfield Common School District to the Hale Center district under the order of August 7, 1939 and under .the election held on August 30, 1939.

Immediately after the two judgments were rendered in the above two causes and on the same day, to-wit, November 23, 1939, the County Board of School Trustees of Hale County entered an order that the Center Plains, Clements, Stoneback and Mayfield common school districts be annexed to the Hale Center Independent School District to form a rural high school

under the authority of articles 2922a and 2922c, and ordered an election to be held on December 16, 1939 to determine whether or not such common school districts should be annexed to the Hale Center district. The election was held as ordered and the result of the voting in the respective districts was as follows: in the Hale Center district 143 for annexation, 7 against; Center Plains, 19 for, 2 against; Clements, 5 for, 19 against; Stoneback, 11 for, 11 against; and Mayfield, 19 for, 21 against. The result of the total votes of the entire proposed district was 197 for annexation and 60 against annexation.

On December 15, 1939, one day prior to the election, the present suit was filed by the Mayfield and Clements districts, together with certain taxpayers of the latter district, against the County Board of School Trustees, the Hale Center Independent School District and its trustees seeking to restrain the appellants from declaring the results of the election of December 16, 1939 and from entering any orders relative thereto. The substance of the complaint of the appellees was that the Hale Center district, together with its trustees, patrons and employees entered into a plan to annex the common school districts to the Hale Center district for the purpose of taxing the common school districts, and that in order to accomplish such purpose the appellants had solicited the transfer of scholastics from common school districts to the Hale Center district, offering free transportation and free tuition for such transferees, thereby depleting the number of scholastics in the common school districts to such an extent that it became impossible or impracticable to operate schools in the common school districts. They further alleged that the County Board of School Trustees had given their aid to such plan and scheme of the Hale Center district and that the acts of such board in furtherance of such unlawful scheme constituted an abuse of discretion and an arbitrary use of power so unjust and discriminatory as to render illegal and void the act of the County Board of November 23, 1939 annexing the districts and ordering the election for December 16, 1939.

The trial court issued a temporary restraining order upon the day the suit was filed granting to the appellees the temporary relief prayed for, and, on January 8, 1940, after a formal hearing, the court issued a temporary injunction restraining the defendants from declaring the results of the election and from entering any orders concerning the creation of a new rural high school or annexing the common school districts to the Hale Center district until the further orders of the court.

The findings of fact of the trial court upon which the temporary injunction was predicated were substantially the same as we have outlined above, but in addition thereto, the trial court made some other findings which the appellants assert afforded the principal grounds for the relief granted. Such additional findings were to the effect that after the temporary writ had been issued in Cause No. 5113 enjoining the annexation of the Mayfield district to the Hale Center district and before the hearing in the quo warranto proceeding in Cause No. 5150 to test the validity of the annexation of the Clements district, the appellants reached the conclusion that under the situation as it then existed the Mayfield district could not be annexed because a majority of the voters therein were opposed to it; that in order to circumvent the will of that majority and in order to circumvent the will of the majority of the voters in the Clements district, the appellants procured the intervention of the Stoneback and Center Plains districts in the quo warranto proceedings for the purpose of dissolving the entire district as it then existed and for the further reason that the County Board might immediately thereafter enter the orders annexing all four of the above named common school districts to the Hale Center district; that such was done because the combined area of all the districts involved would be in excess of 100 square miles and would require an election at large in the proposed district which, by virtue of the voting strength of the Hale Center district, would result in a vote in favor of annexation; that the attorneys in Causes 5113 and 5150 came into court on the day the judgments were rendered therein with previously prepared orders in which the Stoneback and Center Plains districts intervened in Cause No. 5150; with previously prepared orders dissolving the district as it then existed; with previously prepared orders perpetuating the injunction in Cause No. 5113; with previously prepared orders annexing the four common school districts to the Hale Center district and calling the election of December 16, 1939; and that after the entry

of the orders in Causes 5113 and 5150 the County Board of School Trustees walked from the district court room into the county court room, there held a meeting, and entered the prepared annexation orders and the order for the election.

It is our opinion that there is nothing contained in the last mentioned findings nor in the facts of this case as a whole sufficient to warrant the issuance of the temporary injunction herein. In articles 2922a and 2922c the Legislature has granted to county boards of school trustees great latitude and power in the establishment of rural high schools. The constitutional authority of the Legislature to grant such powers to the county school boards is no longer an open question. Henderson et al. v. Miller et al., Tex.Civ.App., 286 S.W. 501, writ refused; Ivey et al. v. Keeling et al., Tex.Civ.App., 15 S.W.2d 1097, appeal dismissed, 281 U.S. 699, 50 S. Ct. 352, 74 L.Ed. 1126; Prosper Independent School Dist. et al. v. County School Trustees, Tex.Com.App., 58 S.W.2d 5; County School Board of Angelina County et al. v. Homer Common School District et al., Tex.Civ.App., 291 S.W. 268; Young County Board of School Trustees v. Bailey et al., Tex.Civ.App., 61 S.W.2d 130, writ refused. So far as the alleged effort of the appellants to circumvent the will of the voters in the common school districts is concerned, article 2922c provides that it is only necessary for the districts to be annexed to consent to annexation by majority vote therein when the proposed rural high school district contains more than seven elementary districts, which was not the case herein. Where, as here, the proposed district does not contain more than seven elementary districts, the will of the majority in the individual districts is not essential to annexation. The issue is governed entirely by the majority will of the entire proposed district as expressed by the voters at an election called for such purpose. Nor is it necessary under article 2922c that a majority of the school trustees in such elementary districts consent to the formation of the proposed district. Cox et al. v. Beard et al., Tex.Civ.App., 87 S.W.2d 882, writ refused; Countz et al. v. Mitchell et al., 120 Tex. 324, 38 S.W.2d 770; Florey Common School Dist. No. 5 of Andrews County et al. v. County Board of School Trustees of Andrews County et al., Tex. Civ.App., 126 S.W.2d 536, writ refused; Trinity Independent School Dist. v. Dis-

trict Trustees, Dist. 24, Trinity County, et al., Tex.Civ.App., 135 S.W.2d 1021, writ refused. It has also been held that where the first resolution of the county school board annexing common school districts to an independent district was not in conformity with articles 2922a and 2922c such fact did not prevent the board from passing subsequent resolutions conforming to such laws. Henderson et al. v. Miller et al., supra.

There was no finding or evidence of any fraud, lack of good faith or abuse of discretion upon the part of the County School Board in its action in issuing the annexing orders in controversy, unless it could be said that the action of such board and the other appellants in securing the intervention of the Stoneback and Center Plains districts in the quo warranto suit and in the preparation of the orders before judgments were rendered in the prior causes, constituted such misconduct. To this theory of the appellees urging that such action constituted fraud and abuse of discretion we are unable to subscribe. We fail to see any wrongful conduct upon the part of the appellants in securing the intervention of parties in a law suit whose rights may be affected by the judgment to be rendered therein. Nor do we think there was any vice in the action of the attorneys in the prior suits in preparing in advance of the judgments therein such orders as reflected the desires of the litigants involved in such controversy. The judgment of the quo warranto proceeding declared void all orders theretofore issued by the County School Board with reference to annexing or grouping the districts, and this judgment was binding upon all the parties affected thereby. Kuhn et al. v. City of Yoakum et al., Tex. Com.App., 6 S.W.2d 91. But such judgment did not have the effect of depriving the County Board of the right to thereafter proceed to create a new rural high school district under the authority of the above articles of the statute. The fact that such new action might circumvent the will of the majority of the voters in some of the districts involved does not, in our opinion, under the law as it now exists, indicate fraud, bad faith or an abuse of discretion upon the part of the County Board of School Trustees. The Legislature saw fit to give such board the authority to circumvent the will of the majority in some of the districts when such Legislature pro-

vided in article 2922c that rural high schools containing more than 100 square miles may be formed as indicated in article 2922a "upon a vote of a majority of the qualified electors in the said proposed rural high school district voting at an election called for such purpose". It is apparent that this provision warrants the creation of such a district if the election in connection therewith results in a majority vote for annexation over the proposed district at large regardless of the outcome of the election in some of the districts involved. Trinity Independent Dist. v. District Trustees, Dist. 24, Trinity County et al., supra. This rule may seem unfair to the smaller common school districts which are situated near or adjacent to an independent district, as is contended most vigorously by the appellees herein with a great deal of logic and zeal, but such rule seems to be the law, and therefore, if the appellees obtain any relief from the injustice asserted by them, such relief must necessarily come from the Legislature rather than from the courts.

The judgment is reversed and the temporary injunction is dissolved.