**DISTRICT TRUSTEES OF MIDWAY COMMON SCHOOL DIST. NO. 7 AND OF LEON COUNTY v. COUNTY SCHOOL TRUSTEES OF LEON COUNTY et al.**

No. 2738.

Court of Civil Appeals of Texas. Waco.

June 19, 1947.

Rehearing Denied July 10, 1947.

J. D. Dashiell, of Buffalo, and J. C. Hinsley, of Austin, for appellant.

W. W. Mason, of Mexia, for appellees.

LESTER, Chief Justice.

The Board of County School Trustees of Leon County, on October 4, 1946, passed an order by which the Lone Star Rural High School District No. 1 was formed by grouping the Midway Common School District No. 7 and the Lone Star Consolidated Common School District No. 1. The appellant objected to such action on the part of the county board and filed in the district court of said county their petition seeking to have the appellees restrained from carrying out the order of said board pending the outcome of its appeal to the State Superintendent and the State Board of Education.

The Board of County School Trustees met on October 4, 1946, to act upon the petition filed by the patrons of the two common school districts requesting that said districts be grouped to form a rural high school district to be known and designated as Lone Star Rural High School District No. 1. Both of the common school districts were located in Leon County and were contiguous to each other. At said meeting the board granted the petition and ordered that the two common school districts be grouped, and by its action created the Lone Star Rural High School District No. 1 of said county.

On February 21, 1947, the Board of County Trustees met in the district courtroom of said county and attempted to rescind and cancel its order of date October 4, 1946, by which said high school district was created, and passed a resolution to that effect.

On February 28, 1947, said trustees met in the County Superintendent's office and entered an order whereby it rescinded and set aside its action of February 21st, attempting to abolish said high school district. At this meeting the trustees ordered the County Superintendent to consolidate the school census rolls of the two common school districts, and provided that when so consolidated said rolls should be the census of the high school district. The County Board of Trustees, at their February 28th meeting, also appointed trustees for the newly created high school district, and the County Superintendent, in carrying out the orders of the County Board, appointed a census taker, who proceeded to take the census of the two common school districts.

The trial court filed findings of fact and conclusions of law.

Appellant says that the order of the school board is void because said order was not made in the office of the County Superintendent. The court found that the

trustees first met in the County Superintendent's office, but in order to accommodate the expected large attendance, they went upon the next floor to the district courtroom, where the order was finally passed.

In support of this proposition appellant cites Article 2687, Vernon's Ann.Civ.Stats., as amended, which provides that the meeting place of the county school trustees and the county superintendent to be at the county seat and in the office of the county superintendent. Appellant also relies upon the case of County School Trustees of Callahan County v. District Trustees of Dist. No. 15 (Hart) Common School Dist. of Callahan Co. et al., Tex.Civ.App., 192 S.W. 2d 891 (writ of error ref. NRE), point 1. The order involved in that case was passed in a meeting held at Cross Plains and not in the County Superintendent's office, nor in the city of Baird, the county seat of Callahan County, and the court held that the order was void, and quotes Art. 2687, supra.

In the case of County Board of School Trustees of Hale Co. v. Mayfield Common School Dist. #22, Tex.Civ.App., 140 S.W. 2d 956, points 1-3, which involved an order of the Board of County Trustees of Hale County pertaining to the annexation of certain common school districts in the county to Hale County Independent School District to form a high school district, the orders for the annexation and for the election were made and entered in the county courtroom and not in the county superintendent's office, and the court held that just because the orders were made in the county courtroom did not justify the issuance of a restraining order.

■ In this case the board first met in the county superintendent's office in the courthouse at Centerville, the county seat of Leon County, but on acount of the large attendance expected to be present, they went to the next floor of the courthouse to the district courtroom, where said order was passed. The evidence showed that it was the custom of the board to hold most of its meetings in the district courtroom for the reason the county superintendent's

office did not have room sufficient to accommodate a large crowd. There was no showing that any injury resulted to the appellant from the fact that the order was made in the district courtroom instead of the county superintendent's office, so the failure of the board to enter said order in the county superintendent's office, under the facts of this case, did not invalidate the action of said board.

Appellant's second proposition is that the order of October 4th was void for the failure to give a description of the proposed rural high school district by metes and bounds. Art. 2681, Vernon's Ann.Civ. Stats., authorizes the county school trustees to exercise the authority that was previously vested in the commissioners' court with respect to subdividing the county into school districts, etc.

Article 2742, Vernon's Ann.Civ.Stats., applies to common school districts and is as follows:

"Said courts shall give the metes and bounds of each district, and shall designate the same carefully by giving the whole surveys and parts of surveys with acreage of whole surveys and approximate acreage of parts of surveys in each district, and the county clerk shall carefully record the same; * * *."

■ Article 2922a, Vernon's Ann.Civ. Stats., does not provide that the area of a high school district shall be described by metes and bounds, but if Article 2742, supra, can be construed to apply to rural high school districts, or some other provision of the school law should require that the boundaries of said district should be described by metes and bounds, and that the same should be recorded in the county clerk's office, we think that appellees sufficiently complied with said provision. It was stipulated by the parties that the two common school districts here in question were common school districts prior to and. at the time the order of October 4th was entered. The order provided that Midway Common School Dist. No. 7 and Lone Star Consolidated Common School Dist. No. 1 should be grouped for the purpose of forming said high school. The entire area

of both districts is located in Leon County, and the districts were contiguous to each other. There being no proof to the contrary, the presumption is that Article 2742, supra, had been complied with and that the boundaries of the two common school districts were properly described and recorded in the county clerk's office of Leon County. We also think it safe to indulge in that maxim, which is: "That is certain which is susceptible of being made certain." The metes and bounds of the newly created high school district could be ascertained by reference to the records in the county clerk's office, where the boundaries of the two common school districts are presumed to be of record.

Appellant cites the case of Hill County Board of School Trustees v. Bruton, Tex. Civ.App., 217 S.W. 709. The facts reveal that on April 12, 1919, the county school trustees of Hill County consolidated three common school districts for the purpose of forming a high school district. The White Common School District No. 23 was one of the districts included, and on April 26, 1919, said board of county trustees entered an order attempting to apportion to Irene Independent School District 2,540 acres out of the White Common School District No. 23, and the remainder of said consolidated districts to remain together. But said order did not contain a description of the 2,540 acres that were apportioned to the Irene Independent School District, and the court held that the law had not been sufficiently complied with in respect to the requirement that the land affected should be described by metes and bounds. We do not believe that the facts of that case are applicable to the facts of this case.

■ Appellant's third proposition is that the order was void because the proposed rural high school district did not contain an independent school district.

Art. 2922a, supra, provides:

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; * * *."

Appellant says that by the use of the word "and" in said article, that it makes it mandatory that an independent school district be included in the group. Appellant cites no authority and we have been unable to find any construing the foregoing article with respect to this particular point, but the act has been construed many times. It has been held constitutional and the decisions uniformly hold that the legislature has granted to the board of county trustees broad powers in forming high school districts.

In the case of Stinson v. Graham, Tex. Civ.App., 286 S.W. 264, 266, points 4–6, the County Board of School Trustees of Taylor County grouped four common school districts for the purpose of forming a rural high school district, and the court in passing upon the constitutionality of said Act had this to say:

"The county board of trustees is created by law as a body corporate with full power and control over common school districts, their creation and boundaries (Vernon's Ann.Tex.Stats., Arts. 2676 to 2686, inclusive, and Arts. 2742, 2743), and plenary power as to the creation of rural high school districts. It has been uniformly held that the Legislature may delegate its authority to such agencies. * * * The conclusion is irresistible that the effect of the cases last cited above is to declare that the acts of the 39th Legislature, c. 59, to-

gether with the other articles noted, conferred upon the county board of trustees full legislative power with respect to creating rural high schools * * *."

In the case of County Board of School Trustees v. Mayfield Common School Dist., Tex.Civ.App., 140 S.W.2d 956, 960, points 1–3, the court said:

"In Articles 2922a and 2922c the Legislature has granted to county boards of school trustees great latitude and power in the establishment of rural high schools."

We do not believe that it was the intention of the legislature to restrict the power of the County Board of School Trustees in the creation of rural high school districts to such an extent that before contiguous common school districts could be grouped together for the purpose of forming a rural high school district, that there should also be grouped with said common school districts an independent school district.

Appellant contends that the order of October 4th was lawfully rescinded by the action of the Board of County Trustees at the meeting of February 21st.

Article 2922a, supra, provides that county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district. The county trustees having duly and legally created the rural high school district in pursuance to the foregoing article, it had no power to abolish the district except in compliance with the provisions of said article. The Board had no petition before it signed by a majority of the voters of each elementary district composing the rural high school district. In our opinion, the Board had no authority, based upon its volition, to abolish the district that it had previously created.

But conceding for the sake of argument that the Board had authority to abolish the district without a petition, to which we do not agree, nevertheless the high school district is now a legally created one.

The Board met on February 28th and passed an order rescinding its action of February 21st. Said order is in part as follows:

"On motion of Oliver Dorman, seconded by R. Rodell, it is hereby ordered by the County Board of School Trustees of Leon County, Texas, that the action heretofore taken by this Board attempting to rescind said order of October 4, 1946, and attempting to abolish said Lone Star Rural High School Dist. No. 1 of Leon County, Texas, be and the same is hereby rescinded and set aside."

At this same meeting the County Board ordered the County Superintendent to consolidate the school census rolls of the two common school districts and provided that the said rolls, after consolidation, should be the census of said Lone Star Rural High School District Also at this same meeting they appointed trustees for the high school district to serve until the April election. Said district has been recognized by said Board as a valid, existing district since said date.

Appellant complains of the order of October 4th and says it is void because it fails to recite jurisdictional requirements of Art. 2922a and Art. 2922c. Appellant contends that the order failed to show that the Board had heard any evidence or considered any facts which would disclose that the two districts were contiguous, that the districts included fewer than seven elementary districts, and that the districts together included less than 100 square miles of territory. We cannot agree with appellant in this contention, because if any of the requirements of the above article were lacking, the burden of establishing such fact was upon the appellant. The mere failure of the Board to set out in its order that each condition of the Act in fact existed did not render the order void. The question is, did the conditions in fact exist? If they did, the Board had ample authority to form said high school district; and if they did not exist, the appellant had the burden of proving that fact, since they were the ones making the attack upon said order.

We have considered all of appellant's assignments and find no reversible error.

The judgment of the trial court is therefore affirmed.