E. W. Newman, and Heidingsfelder, Knight & Daniel, all of Houston, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault; the punishment, a fine of $50.

The assault is alleged to have become aggravated by virtue of the infliction of serious bodily injury.

Two citizens of the Oakland community, who had recently opposed each other as candidates for Justice of the Peace, engaged in a fist fight, presumably over the location of certain gasoline pumps. The appellant, father of one of the participants, by words and gestures, encouraged his son in the affray. The sole question is whether the wounds inflicted gave rise to apprehension of danger to life, health or limb.

The doctor, in describing the black eye received by the injured party, testified on direct examination:

"At that time he had a severe bruise of the left eye around the orbit of the eye and the soft tissue was black, the eyeball was bleeding and had what was called subconjunctive hemmorage, that is a hemmorage of the outer layer of the eyeball."

On cross-examination, we find the following:

"Q. Was this injury to Mr. Mayes of a permanent nature? A. No, not in my opinion.

"Q. Would it be such an injury that would endanger his life or his health? A. No."

Later, we find:

"Q. How long were you in bed? A. Oh, I layed around 2 or 3 days, I think."

Recently, in Gonzalez v. State, 146 Tex. Cr.R. 108, 172 S.W.2d 97, we had occasion to review our decision on the question of what constitutes serious bodily injury.

From the record before us, it does not appear that the evidence is sufficient to support the conviction.

Judgment is reversed, and the cause remanded.

ERATH COUNTY SCHOOL TRUSTEES et al. v. HICO COUNTY LINE INDEPENDENT SCHOOL DISTRICT et al.

No. 2924.

Court of Civil Appeals of Texas. Eastland.
March 28, 1952.

Rehearing Denied April 11, 1952.

C. O. McMillan, Stephenville, for appellants.

Joseph Chandler, Stephenville, Frank Sparks, Eastland, for appellees.

## PER CURIAM.

This suit was brought on February 2, 1948 by the County School Trustees of Erath County, Texas, and Alexander Rural High School District, against Hico County Line Independent School District and Clairette Independent School District and certain persons purporting to act as trustees of the latter district. Plaintiffs sought a judgment declaring void an election consolidating the Clairette Independent School District and Hico County Line Independent School District and restraining said districts from putting into effect the purported consolidation and from interfering with the operation of Alexander Rural High School District, alleged to have been formed by an order of the Erath County School Trustees grouping Clairette Independent School District with Alexander Independent School District and to restrain the Hico District from sending school buses into the territory composing said rural high school District for the purpose of picking up pupils and taking them to the Hico School.

Upon a trial before a jury, both plaintiffs and defendants made a motion for an instructed verdict. After the jury had indicated its inability to answer special issues submitted, the court granted defendants' motion for judgment and entered judgment declaring invalid and void an order of the County School Trustees entered December 8, 1947 grouping Clairette Independent School District with Alexander School District, both situated in Erath County, for the purpose of forming Alexander Rural High School District, and declaring valid the election consolidating Clairette Independent School District with Hico County Line Independent School District. From such judgment the county school trustees of Erath County and Alexander Rural High School District have brought this appeal.

On December 2, 1947, the County School Trustees of Erath County passed an order purporting to group Alexander Independent School District and Clairette Common School District, thereby forming a district designated in the order as "Alexander Rural High School District." It was brought to the attention of the county school trustees that the Clairette District was in fact "Clairette Independent School District" and, thereafter, on December 8, 1947, at 8:15 o'clock a. m., the County School Trustees passed an order practically identical with that of December 2nd except that the Clairette School District was referred to correct-

ly as an independent school district. It is apparent that the chairman of the County Board of School Trustees knew prior to the entry of the latter order that a consolidation of Clairette School District with the Hico District was being considered by the patrons of the two districts. On the same day at which the latter order was entered by the County School Trustees, a petition was presented to the County Judge of Erath County for an election to consolidate the Clairette and Hico School Districts. The petition was presented to the judge at 12:45 o'clock p. m. on such date and a similar petition was presented from Hico County Line School District, situated in Hamilton and Erath Counties to the County Judge of Hamilton County. Elections were duly held in each of the districts. The election in Clairette District carried by a vote of 61 for consolidation and none against consolidation. The election in the Hico District was 138 votes for consolidation and none against consolidation. Article 2922a, Vernon's Annotated Revised Civil Statutes, provides:

"In each organized county in this state, and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) scholastic population, for the purpose of establishing and operating rural high schools; provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district having two hundred fifty (250) or more scholastic population. Provided, that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary school district composing the rural high school district, and when such district has been abolished the elementary districts shall automatically revert back to their original status, with the exception that in the event there are any outstanding indebtednesses against the said rural school district each elementary district shall assume its proportional part of the debts, bonded or otherwise."

In appellants' first four points it is urged that the court erred in overruling their motion for an instructed verdict and in granting appellees' motion for judgment; in declaring void the order of the county school trustees of Erath County grouping Alexander Independent School District and Clairette Independent School District and in declaring valid the election proceeding consolidating Clairette Independent School District with Hico County Line Independent School District.

It is appellees' contention in support of the judgment that Art. 2922a, supra, only authorizes the grouping of a common school district and an independent school district, and that it does not authorize the county school trustees to form a rural high school district by grouping two independent school districts, even though the population of each of the independent school districts complies with the statutory requirement, and that the court did not err in declaring void the order of the Erath County School Trustees in grouping the two independent districts.

The above statute confers authority on county school trustees to form rural high school districts by grouping "contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) scholastic population". County school trustees under such provision have the power to group not only a common school district of less than 400 scholastic population with an independent school district of less than 250 scholastic population to form a rural high school district but also have the power to group two such common school districts or to group two such independent school districts for the purpose designated. District Trustees of Midway Common School Dis-

trict No. 7 and of Leon County v. County School Trustees of Leon County, Tex.Civ. App., 203 S.W.2d 860; State ex rel. Childress v. School Trustees of Shelby County, Tex., 239 S.W.2d 777; County School Trustees of Callahan County, v. District Trustees of Dist. No. 15 (Hart) Common School Dist. of Callahan County, Tex.Civ.App., 192 S.W.2d 891; Stinson v. Graham, Tex.Civ. App., 286 S.W. 264, Writ Ref.

■ No election was required to be held in order to form the rural high school district in question because the area of the district formed was not greater than 100 square miles and complies with the terms of Art. 2922c, Vernon's Annotated Revised Civil Statutes.

■ The power vested in the County Board of Trustees by Art. 2922a, supra, to group independent school districts of the class here involved for the purpose of creating a rural high school district necessarily requires the exercise of a reasonable discretion to determine what is needed and proper under the particular facts and circumstances of any given case. The control which courts will exercise to supervise, control or to correct action taken by the county school trustees in such cases is limited to instances in which the power of the trustees has been exercised in such a harsh and arbitrary manner as to amount to an abuse of discretion.

■ Appellees seek to uphold the judgment on the ground that the county school trustees of Erath County was guilty of an abuse of discretion in grouping the two independent school districts to form a rural high school district. The facts relied upon to show such an abuse are that the census taker of Alexander Independent School District had previously listed on the census rolls certain children who did not reside in the district and that these improperly listed children were used in securing State aid; that the county trustees knew of this fact or should have known thereof, but disregarded same; that the county trustees did not make proper investigation to determine the needs and desires of the children and patrons of the Clairette School District in the matter, but hurriedly attempted to attach such district to the Alexander Independent School District in order to prevent a consolidation of the Clairette District with Hico County Line District, regardless of the effect it might have on the Clairette District and the children who attended such school. In our opinion, an abuse of discretion is not shown. The action of the census taker in improperly increasing the scholastic roll of the Alexander District was not a matter which destroyed the power of the county trustees to exercise their discretion or which conclusively precluded such county trustees from including the Alexander District in a rural high school district. The taking off of the improper names would merely reduce the scholastic population of the Alexander District which was already less than 250 as required by the statute.

There was evidence to the effect that the Alexander High School was the only high school remaining in the south part of Erath County and that the county trustees had determined that for the good of all of the children in that part of the county the rural high school district in question should be created; that about 300 children resided in the south part of the county in which such high school was located; that the nearest school to Clairette was the Alexander school and that a good highway ran through the two school districts; that the Clairette District as a whole was as accessible to Alexander as it was to Hico and that in the past, more children had transferred from Clairette to Alexander than to any other school district.

■ The power of county school trustees under the statute to group such school districts to form rural high school districts does not depend upon the consent or wishes of the patrons of the districts involved or upon an election favorable to the action taken. An abuse of discretion is, therefore, not shown by showing the absence of an election, a lack of consent or even actual opposition on the part of the patrons of the districts. The statute gives county trustees great latitude in the establishment of rural high school districts. In our opinion, the facts of this case, as hereinabove set out, are such that reasonable men might well reach the conclusion that it was advisable

and proper and to the best interest of the citizens and school children residing in the territory that the school districts involved should be grouped as provided by the statute to form a rural high school district. Under such circumstances the question whether the school districts should be grouped was within the discretion of the county school trustees and their determination of the matter will not be disturbed by the courts. The county trustees simply did what the statute granted them the power to do and there was no evidence of fraud, lack of good faith or harsh and arbitrary action on their part. No abuse of discretion is shown. Stinson, v. Graham, supra; County Board of School Trustees of Hale County v. Mayfield Common School Dist. No. 22, Tex.Civ.App., 140 S.W.2d 956; Young County Board of School Trustees v. Bailey, Tex.Civ.App., 61 S.W.2d 130; County School Trustees of Callahan County v. District Trustees of District No. 15 (Hart) Common School District, supra.

■ The order of the county school trustees grouping Clairette Independent School District with Alexander Independent School District was entered on December 8, 1947 at 8:15 o'clock a. m. and the petition for election to consolidate the Clairette School District with Hico County Line Independent School District was presented to the County Judge thereafter on the same day at 12:45 o'clock p. m. The jurisdiction of the County Judge of Erath County to receive the petition for consolidation of the Clairette School District and the Hico District was coordinate with that of the county school trustees to group Clairette School District and the Alexander School District to form a rural high school district. The rule is that where coordinate jurisdiction over a particular subject matter is vested in two distinct tribunals that which first acquires active jurisdiction has the right to retain jurisdiction until it has disposed of the matter and no coordinate tribunal has the right to interfere. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063;

State ex rel. George, v. Baker, 120 Tex. 307, 40 S.W.2d 41; Garrett, County Judge, v. Unity Common School Dist., Tex.Civ. App., 211 S.W.2d 238; Wichita Common School Dist. No. 11 v. Dickens Independent School Dist. of Dickens County, Tex. Civ.App., 206 S.W.2d 885; Lynn County School Board v. Garlynn Common County Line School Dist., Tex.Civ.App., 118 S.W.2d 1070; 21 C.J.S., Courts, § 492, page 745.

■ Since it appears that the order of the county school trustees grouping the two independent school districts in question was entered before the petition for consolidation was presented to the County Judge, the county trustees thereby acquired active jurisdiction of the subject matter to the exclusion of the power and jurisdiction of the county judge to call such election. The order for the election and the election itself were, therefore, both void and ineffective. Mesquite Independent School Dist. v. Gross, 123 Tex. 49, 67 S.W.2d 242; West End Rural High School Dist. of Austin County v. Columbus Consolidated Independent School Dist. of Colorado County, 148 Tex. 153, 221 S.W.2d 777.

Appellants' first four points are well taken. The court erred in declaring void the order of the county school trustees grouping Alexander Independent School District and Clairette Independent School District and in declaring valid the election consolidating Clairette with the Hico District. Appellants' motion for an instructed verdict should have been granted and appellees' motion for judgment should have been refused. The disposition of the above points require judgment in favor of appellants and make it unnecessary to discuss other points presented.

For the reasons stated, the judgment of the trial court is reversed and judgment is rendered in favor of appellants, Erath County School Trustees and Alexander Rural High School District.