STATE OF TEXAS, EX REL WILLIAM GEORGE ET AL. V. E. B. BAKER ET AL.

No. 5720. Decided April 15, 1931.
(40 S. W., 2d Series, 41.)

*Strickland & Ewers* and *Davenport, West & Ransome,* for appellants.

The provisions of articles 2757 and 2758, Revised Civil Statutes of Texas, as amended by chapter 238 (page 353), Session Laws 40th Legislature, 1927, of Acts of the 40th Legislature, control the provisions of articles 2681, 2741, 2766 and 2767, Revised Civil Statutes of Texas, 1925, in so far as the latter articles relate to the creation of independent school districts, and the county board of school trustees is therefore without power to prevent the organization of an independent school district by re-districting territory embraced in a common school district after proceedings for the incorporation of an independent school district have been begun in compliance with articles 2757-2758, Revised Civil Statutes of Texas, 1925, as amended by the 40th Legislature in 1927.

Where jurisdiction over a particular subject matter is vested in two distinct tribunals, and the jurisdiction of one of such tribunals is invoked with regard to it, that tribunal will retain such jurisdiction until it has disposed of all matters and issues so presented to it, regardless of any action of the coordinate tribunal having potential jurisdiction of the same subject matter.

*Geo. P. Brown* and *L. J. Polk,* for appellees.

In establishing and defining common school district No. 18, and in re-establishing and re-defining common school districts Nos. 2 and 16 on January 19th, 1928, the county board of school trustees acted entirely within the powers and authority granted them by statute, and from said date said three common school districts became and were lawfully established school districts entitled in all things to function as such.

The old or original common school district No. 16 having ceased to exist on January 19th, 1928, and the new common school districts Nos. 16, 18 and 2 being lawfully created, existing and functioning common school districts from and after such date, the election held on January 21st, 1928, seeking to incorporate portions of each of said three common school districts into one independent school district was inoperative and void. Article 2741, Revised Civil Statutes of Texas; article 2681, Revised Civil Statutes of Texas; Hill County School Trustee v. Melton, 199 S. W., 1142; Baker v. Davis, 227 S. W., 534; Martin v. Grandview Independent School District, 266 S. W., 606.

Mr. Commissioner CRITZ delivered the opinion of the court.

This is an action of quo warranto by the state of Texas, acting

through the district attorney for the Seventy-ninth Judicial District of Texas, on relation of William George et al., trustees of common school district No. 18 of Hidalgo county, Texas, against Ed Couch Independent School District of said county, and E. B. Baker et al., its trustees, to determine the validity of the incorporation of the independent district, and the right of its trustees to exercise their function as such. It appears that a very large part of the territory of the common school district is also embraced within the boundaries of the independent district.

It appears from the record and the opinion of the Court of Civil Appeals that on the 3rd day of January, 1928, the county judge of Hidalgo county, Texas, ordered an election to be held in common school district No. 16 of such county to determine whether such common school district should be incorporated as independent school district and designated as Ed Couch independent school district in conformity with article 2757, R. C. S. of Texas, 1925, as amended by chapter 238, p. 353, Acts Regular Session 40th Legislature, 1927. It seems to be conceded that the statute above named was fully complied with in ordering such election.

It seems further that after said election had been ordered and due notice thereof given in conformity with law, and two days before seid election was to have been held, the county board of trustees of Hidalgo county ordered a redistricting of common school district No. 16, by which portions of the latter were cut off into adjacent common school districts Nos. 2 and 18.

The election was held on the date ordered and resulted in favor of incorporation. The county judge refused to canvass the returns and declare the result until he had been mandamused so to do. Cameron, County Judge, v. Baker (Texas Civ. App.), 13 S. W. (2d) 119. After canvassing the returns the county judge entered an order declaring the district incorporated as an independent school district. Also at the same election E. B. Baker et al. were elected trustees of the independent district. This result was also declared by the county judge at the same time he declared the district incorporated.

After the declaration of the result of such election this suit was filed to test the validity of the independent district, and the right of its duly elected trustees to function as such. Trial in the district court resulted in a judgment declaring the independent district invalid. This judgment was reversed and rendered by the Court of Civil Appeals. 26 S. W. (2d) 324.

To our minds this suit presents but one question: Did the county board of trustees have the power to defeat the right of the people to, by vote, determine the question as to whether the district should be incorporated, by re-districting the territory involved after the election had been duly and legally ordered and advertised, and while such election was still

pending? We think that to state the question is to give a negative answer thereto.

By the express provisions of article 2757, R. C. S. of Texas, 1925, as amended by chapter 238, p. 353, Acts Regular Session 40th Legislature, any common school district containing 700 scholastics or more is given the right to incorporate as an independent school district by a vote of the qualified voters thereof at an election duly ordered by the county judge in the way and manner in such statute provided. Also by the express provisions of article 2758 of the same act the voters of the district are given the right to choose trustees at the same election. This right is by the very terms of the statute unqualified and absolute.

It seems to be contended by the defendants in error that since the county board of trustees had jurisdiction to change, abolish and subdivide common school districts, and since the territory comprising common school district No. 16 was still a common school district at the time the county board made its order, the making of such order rendered the holding of the election void and of no force. We cannot agree to this contention.

It is our opinion that even if it be conceded that the orders of the county board with reference to the territory of district No. 16 would have been in all respects legal in the absence of the pending election, still the right of the people to vote on incorporation having been first lawfully invoked could not be interfered with or defeated by the county board pending the holding of the election, and the declaration of its result. This is certainly the correct rule even if it be conceded that the power of the county board and the right of the people were co-ordinate or equal.

It is the rule of this state and practically the universal rule that where co-ordinate jurisdiction over a particular subject matter is vested in two distinct tribunals, the tribunal first acquiring jurisdiction has the right to retain jurisdiction until it has completely disposed of all matters and issues so presented to it, and no co-ordinate tribunal has any right to interfere with the tribunal first acquiring jurisdiction. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063; 15 C. J., p. 1134, par. 583; Id., p. 1161, par. 367. These authorities involve the power of courts, but we think the same principle applies here.

We do not express an opinion on the power of the county board of trustees with reference to independent school districts after they are incorporated. That matter is not before us. What we hold is that the county board of trustees had no jurisdiction in the premises pending the holding of the election here involved and the declaration of its result.

The judgment of the Court of Civil Appeals should be affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.