**GARRETT, County Judge, et al. v. UNITY COMMON SCHOOL DIST. et al.**

**No. 2654.**

Court of Civil Appeals of Texas. Eastland.

April 23, 1948.

Rehearing Denied May 21, 1948.

C. O. McMillan, of Stephenville, for appellants.

Frank Sparks, of Eastland, and Sam Russell, of Stephenville, for appellees.

GRISSOM, Chief Justice.

. Unity Common School District No. 28 of Erath County, Texas, and Little Sunday Common-School District No. 44 of Erath

County, Texas, and the trustees thereof, sued the County Judge of Erath County, Huckabay Rural High School District No. 31 of Erath County, and the County School Trustees of said county. The purpose of the suit was to compel the County Judge of Erath County, by mandamus, to order an election to determine whether or not the Unity and Little Sunday districts should be consolidated with Gordon Independent School District of Palo Pinto County, and to enjoin the Huckabay district and the County School Trustees from enforcing an order of the County School Trustees consolidating Unity and Huckabay districts and to prevent their putting into effect the result of an election called by said County School Trustees as a result of which Little Sunday was annexed to said Huckabay district and to prevent the transfer of the assets of said complaining districts to the Huckabay district. Plaintiffs alleged and introduced evidence sufficient to authorize findings by the trial court to the effect that on June 2, 1947, Unity, Little Sunday and Gordon Independent School Districts duly presented to the County Judges of Palo Pinto and Erath Counties, respectively, proper petitions for an election to be held in said three districts to determine whether or not the plaintiff districts, Unity and Little Sunday, should be consolidated with Gordon Independent School District; that said petitions contained the required number of signatures of qualified voters in each of said districts and were legally sufficient; that a petition was presented to the County Judge of Palo Pinto County on June 2nd, who accepted same and ordered an election as requested in said petition but left the date of election blank so that the date of any election ordered by the County Judge of Erath County could be filled in as the date of the election in Palo Pinto County also. That a petition was presented to the County Judge of Erath County on June 2nd; that he received and accepted same but failed or refused to order said election; that thereafter, on August 11th, said County School Trustees entered an order grouping the Unity district with the Huckabay district and passed an order declaring its intention of grouping Little Sunday with the Huckabay district and ordered an election to be held in the proposed Huckabay Rural High School District No. 31 on September 2, 1947, in which there was submitted the question of grouping Little Sunday with the Huckabay district; that said election was held and, on September 3, 1947, the County School Trustees canvassed the election returns and declared the result of said election in favor of grouping said districts and passed an order grouping Little Sunday with the Huckabay district; that the District Court of Erath County, on September 2nd, issued a restraining order restraining the County School Trustees from making such an order, but same was not served until after said order was made by the trustees. Said order consolidating Little Sunday and Unity with Huckabay district also provided for the transfer of all funds and property of said Sunday and Unity districts to the Huckabay district.

A hearing on plaintiffs' petition for mandamus and injunction was postponed, the restraining order was continued in effect and the County Judge of Erath County was cited to appear and show cause why he should not be required to call an election upon the petition presented to him on June 2, 1947. Thereupon the County Judge of Erath County did order said election. There was evidence that said judge was advised that he did not have authority to order said election upon said petition while litigation was pending and for that reason failed to promptly order an election.

Upon a hearing, the court held that the action of the County School Trustees of Erath County and the election ordered by said Board and orders entered in connection therewith, which purported to annex Little Sunday and Unity to the Huckabay district, were void, and the Huckabay district, its trustees and the County School Trustees of Erath County were temporarily enjoined from attempting to annex or group Little Sunday and Unity with the Huckabay district pending the outcome of an election to be held upon said petition of Unity, Little Sunday and the Gordon Independent School District. From said judgment the Huckabay district and County Board of School Trustees have appealed.

240

The judgment appealed from apparently was rendered upon the theory that the filing of the petitions for an election to consolidate the Unity and Little Sunday districts with the Gordon Independent School District deprived appellants of jurisdiction to order an election and to group said districts as they attempted to do. The judgment finds support in the decisions in Wichita Common School District v. Dickens Independent School District, Tex.Civ.App., 206 S.W.2d 885, 888; State of Texas v. Baker, 120 Tex. 307, 40 S.W.2d 41, and Lynn County School Board v. Garlynn Common County Line School District, Tex. Civ.App., 118 S.W.2d 1070 (writ ref.).

In Wichita Common School District v. Dickens Independent School District it was held that a county judge acquired jurisdiction to call an election on a question of consolidating school districts immediately upon the presentation and acceptance by him of a proper petition therefor. In said case, the petition was presented to the county judge on February 27th. He did not immediately order the election, but while he was investigating and on the next morning, the county board of school trustees called an election to determine whether or not one of the school districts involved in the petition presented to the county judge should be consolidated with another district not mentioned in said petition. The election ordered by the board of school trustees resulted in a majority vote for consolidation. The Amarillo Court of Civil Appeals held that the county board of school trustees was without authority to call the election and that it was void because jurisdiction relative thereto had been acquired by the county judge upon presentation to and acceptance by him of the petition for an election.

Appellants, in substance, agree with the authorities cited, however, they contend that the court erred in overruling their plea in abatement to the effect that the action of the County School Trustees created a new school district known as Huckabay Rural High School District No. 31 and that appellees' suit for an injunction constitute a collateral attack upon the organization of said school district which can be done only in a direct proceeding by the State in the nature of a quo warranto. Appellants further contend that when the petition for an election was presented by appellees to the County Judge of Erath County and he failed or refused to order an election on said petition he had then disposed of all matters presented and nothing remained to prevent the County School Trustees from exercising jurisdiction over the school districts in question. We do not agree with such contentions. Upon the presentation of the petition for an election by appellees, it was the ministerial duty of the County Judge to order the election. Art. 2806, Vernon's Ann.Civ.St.; 29 C.J.S., Elections, § 70, p. 94; 16 Tex.Jur. 21; State v. Spavinaw City, 150 Okl. 23, 300 P. 703.

There is nothing in the record indicating that the County Judge failed to order the election because of any alleged defect in the petition or for any reason other than that he was advised that he could not do so while the school districts were in litigation. When such petition was presented to and accepted by the County Judge the County School Board was then without jurisdiction to group the districts involved in said petition or order an election involving them until the petition was finally disposed of. We are of the opinion that the lapse of over one month between the filing of the petition and issuance of an order for an election by the County Judge did not, as a matter of law, deprive the County Judge of jurisdiction over the subject matter of the petition. State v. Baker, 120 Tex. 307, 310, 40 S.W.2d 41. The judgment is affirmed.