## CITY OF TERRELL WELLS et al. v. CITY OF SAN ANTONIO et al.

### No. 11872.

Court of Civil Appeals of Texas. San Antonio.

Oct. 13, 1948.

Rehearing Denied Nov. 10, 1948.

Writ Refused Jan. 5, 1949.

See also 195 S.W.2d 421.

George G. Clifton and Robert F. Townsend, both of San Antonio, for appellants.

T. D. Cobbs, Jr., City Atty., of San Antonio, for appellees.

NORVELL, Justice.

This is a suit for injunction brought in the name of the City of Terrell Wells by C. W. Adams, Jr., and others claiming to be officials of said City of Terrell Wells. The persons named in the petition also sued in their individual capacities.

The City of San Antonio and its Mayor and Commissioners were named as defendants. The plaintiffs sought injunctive relief restraining the City of San Antonio and its officials from exercising authority over certain territory alleged to be within the boundaries of the City of Terrell Wells.

This is not a quo warranto proceeding and the State of Texas was not a party to the suit.

The trial court, after a hearing on the merits, refused to grant an injunction. The question presented is whether or not an attempted annexation of territory by the City of San Antonio was void.

The City of San Antonio is a home rule city operating under Article XI, Section 5, of the Texas Constitution, Vernon's Ann. Stats., and Chapter 13, Title 28, 1925 Revised Civil Statutes and amendments thereto, Articles 1165–1182f, Vernon's Ann.Civ. Stats., having adopted a charter in accordance with the constitutional and statutory provisions above mentioned. The charter of the City of San Antonio contains provisions for the annexation of adjacent territory (Paragraph 2, Section 2, Charter of San Antonio) as authorized by Sec. 2, art. 1175, Vernon's Ann.Civ.Stats.

This charter provision reads as follows:

"The Commissioners of said City shall have power by ordinance to, from time to

time, otherwise fix and change the bounds and limits of said City and provide for the extension thereof and the annexation of additional territory lying adjacent to said City, with or without the consent of the territory and inhabitants annexed; upon the introduction of such an ordinance, and after it has been amended as desired by said Commissioners for final passage, it shall be published in some daily newspaper published in the City of San Antonio one time, and shall not thereafter be finally passed until at least thirty (30) days have elapsed after said publication, and when said ordinance is finally passed the said territory so annexed shall be within the bounds and limits of said City and a part thereof, and the inhabitants thereof shall be entitled to all the rights and privileges of other citizens of said City, and shall be bound by the acts, ordinances, resolutions and regulations thereof."

On August 9, 1945, an ordinance was introduced in the City Council of the City of San Antonio, proposing to annex a substantial part of the Terrell Wells community. The territory covered by this proposed ordinance was subsequently included within the boundaries of the City of Terrell Wells.

Notice of this ordinance was published the next day and during the month an informal hearing was held before the council, at which time a number of protests and objections to the proposed annexation were made by inhabitants of the territory affected.

No further steps were taken by the City Council of the City of San Antonio until March 8, 1947, at which time the ordinance of annexation was finally adopted.

This action was apparently precipitated by the fact that on March 7, 1947, some seventy-seven citizens of the Terrell Wells community filed an application with the County Judge of Bexar County requesting that an election be held for the purpose of submitting to the qualified voters of the territory described in the application the question of incorporating the City of Terrell Wells under the provisions of Chapter 11, Title 28, Articles 1133–1153 Vernon's Ann.Civ.Stats.

The territory described in the application included that embraced in the San Antonio annexation ordinance.

On the same day the application was presented (March 7th) the County Judge ordered an election, and despite the action of the City Council of the City of San Antonio on March 8, 1947, subsequent proceedings were had in accordance with Chapter 11, Title 28, Vernon's Ann.Civ. Stats., culminating in the election and qualification of plaintiffs as officers of the City of Terrell Wells.

■ "In the event a municipal corporation seeks to annex adjacent territory, and the residents thereof seek to incorporate as a separate municipal corporation, the rule in this State is that whoever first commences legal proceedings asserting authority over the territory in question thereby acquires jurisdiction over same, and this jurisdiction cannot be defeated thereafter by the adverse party's subsequently attempting to exercise jurisdiction. State ex rel. George v. Baker, 120 Tex. 307, 40, S.W.2d 41; State ex rel. Binz v. City of San Antonio, Tex.Civ.App., 147 S.W.2d. 551, writ of error refused; City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928." Beyer v. Templeton, Tex.Sup., 212 S.W.2d 134, 138.

The City of San Antonio first commenced proceedings by the introduction of the annexation ordinance on August 9, 1945, but appellants contend that it conclusively appears, as a matter of law, that the City of San Antonio, by delaying final passage of the ordinance until March 8, 1947, abandoned the proposed annexation proceedings of 1945.

■ The charter of the City of San Antonio, a home rule city, occupies a position similar to an Act of the Legislature applicable to cities, towns and villages organized under the general law. 30 Tex. Jur. 28, § 12. The charter does not set a time limit for the final passage of an annexation ordinance after its introduction. We are therefore of the opinion that delay in finally passing the ordinance would not render the action wholly void and subject

to collateral attack. Beyer v. Templeton, Tex.Sup., 212 S.W.2d 134; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231.

We are further of the opinion that under the facts of this case the issue of abandonment was one of fact resolved against appellants by the trial court upon sufficient evidence.

The judgment appealed from is affirmed.