## LONDON INDEPENDENT SCHOOL DIST. et al. v. THOMERSON et al.

### No. 11997.

Court of Civil Appeals of Texas.
San Antonio.

June 22, 1949.

Rehearing Denied July 13, 1949.

Price Daniel, Attorney General, Chester E. Ollison, Austin, M. C. Blackburn, Junction, Gaynor Kendall, Austin, for appellants.

Runge & Hardeman, San Angelo, for appellees.

W. O. MURRAY, Justice.

This is an appeal by the London Independent School District of Kimble County and others from a judgment of the District Court of Menard County decreeing as follows:

"1. That Saline Common School District No. 4 and Hext Common School

District No. 18 have been legally annexed to Menard Independent School District pursuant to an election held in said three mentioned districts on the 26th day of May, 1948.

"2. That the orders of the Commissioners Courts of Menard County and Kimble County entered on the 14th day of June, 1948, declaring Saline Common School District No. 4 to have been consolidated with London Independent School District in Kimble County were ineffective, invalid and did not affect the consolidation of said Saline Common School District No. 4 with London Independent School District.

"3. It is further ordered, adjudged and decreed by the Court that the Tax Collector of Menard County, Texas, be and he is hereby restrained from paying to London Independent School District any portion of the money collected for school purposes for the year 1948 and subsequent years on property situated within Saline Common School District No. 4 in Menard County, Texas."

The cause was submitted to the court without the intervention of a jury upon an agreed statement of facts, the pertinent parts of which are as follows:

"2. On the 3rd day of May, 1948, the County Board of School Trustees of Menard County, Texas, being in regular session, there was presented to the said County Board of School Trustees a Petition signed by J. A. Landon and 82 others, all residents of Menard County, Texas, requesting the County Board of School Trustees of Menard County 'to order an election to annex Saline Common School District #4, and Hext Common School District #18, to the Menard Independent School District, said election to be held for the purpose of enlarging the Menard Independent School District and to be held under the rules and regulations as set forth by the Articles 2922a and 2922c of the R.C.S.'—copy of the minutes of the session held by the County Board of School Trustees of Menard County on May 3, 1948, is attached hereto marked 'Exhibit A' and made a part hereof for all pertinent purposes.

"3. The County Board of School Trustees of Menard County, Texas, did not on May 3, 1948, order the election requested by the petition of Landon and others, but deferred entering such order for future consideration.

"4. That on the 5th day of May, 1948, the London Independent School District of Kimble County, Texas, was validly organized and existing public school corporation, having the powers of and being duly constituted as an Independent School District under the laws of the State of Texas; and on said date the Saline Common School District #4 of Menard County, Texas, was a legally established and existing public school corporation under the laws of the State of Texas.

"5. That on the 5th day of May, 1948, there was filed with and presented to the County Judge of Kimble County, Texas, a petition of and by twenty or a majority of the legally qualified voters of London Independent School District of Kimble County, Texas, praying for the consolidation of said District with Saline Common School District #4 of Menard County, Texas, and for an election to be held in said Independent School District upon the question whether the same should be consolidated with the said Saline Common School District #4.

"6. That on the 5th day of May, 1948, there was filed with and presented to the County Judge of Menard County, Texas, a petition of and by twenty or a majority of the legally qualified voters of Saline Common School District #4 of Menard County, Texas, praying for the consolidation of said District with London Independent School District of Kimble County, Texas, and for an election to be held in said Saline Common School District #4 upon the question whether the same should be consolidated with the said London Independent School District.

"7. That pursuant to the petition filed with the County Judge of Menard County, Texas, as hereinabove stated, the said County Judge of Menard County on the 6th day of May, 1948, entered his order for said election to be held in Saline Common School District #4 of Menard County,

Texas, on the 27th day of May, 1948, upon the question whether the said Saline Common School District #4 of Menard County, Texas, and London Independent School District of Kimble County, Texas, should be consolidated for school purposes; and did make and give notice of said election as is provided by law in such cases.

"8. That pursuant to the petition filed with the County Judge of Kimble County, Texas, as hereinabove stated, the said County Judge of Kimble County, Texas, on the 6th day of May, 1948, entered his order for said election to be held in the London Independent School District of Kimble County, Texas, on the 27th day of May, 1948, upon the question whether the said London Independent School District of Kimble County, Texas, and the Saline Common School District #4 of Menard County, Texas, should be consolidated for school purposes; and did duly make and give notice of said election as is provided by law in such cases.

"9. That on the 27th day of May, 1948, in obedience to the order entered by the County Judge of Menard County, Texas, there was held in Saline Common School District #4 of Menard County, Texas, an election upon the question of consolidation of said district, and London Independent School District; and a majority of the qualified voters, voting at such election, voted in favor of said consolidation; and due return of said election was made by the officers of election to the Commissioners' Court of Menard County, Texas, as provided by law.

"10. That on the 27th day of May, 1948, in obedience to the order entered by the County Judge of Kimble County, Texas, there was held in the London Independent School District of Kimble County, Texas, an election upon the question whether said district and the Saline Common School District of Menard County, Texas, should be consolidated for school purposes; and a majority of the qualified voters, voting at such election, voted in favor of said consolidation; and due return of said election was made as provided by law by the officers of election, to the Commissioners' Court of Kimble County, Texas.

"11. That the Commissioners' Court of Menard County, Texas, at the meeting of said Court on June 14, 1948, duly canvassed the returns of election held on May 27, 1948, in the Saline Common School District #4, as hereinabove stated, and declared that a majority of the voters voting at said election had voted in favor of the proposition of consolidation, and the said Commissioners' Court of Menard County, Texas, did thereupon declare said Saline Common School District #4 of Menard County, Texas, to be consolidated with London Independent School District of Kimble County, Texas, for school purposes.

"12. That the Commissioners' Court of Kimble County, Texas, at the meeting of said Court on June 14, 1948, duly canvassed the returns of election held on May 27, 1948, in the said London Independent School District of Kimble County, Texas, as hereinabove stated, and declared that a majority of the voters voting at said election had voted in favor of the proposition of consolidation, and the said Commissioners' Court of Kimble County, Texas, did thereupon declare the said London Independent School District of Kimble County, Texas, to be consolidated with the Saline Common School District #4 of Menard County, Texas, for school purposes.

"13. That no contest of said election in either the Saline Common School District #4, or the London Independent School District has been filed or instituted, and that more than thirty days has elapsed since the date of said elections, and no notice of intention to contest the same, or either of them, has been filed.

"14. That on the 6th day of May, 1948, the County Board of School Trustees of Menard County, Texas, convened in special session, and upon further consideration by said Board of the request of Landon and others for an election on the question of annexation of Saline Common School District #4 and the Hext Common School District #18 to the Menard Independent School District, the said County Board of School Trustees of Menard County on the 6th day of May entered its order for 'an election to be held on the 26th day of May, A.D. 1948, * * * for the pur-

pose of annexing Saline Common School District #4 and Hext Common School District #18 to the Menard Independent School District as provided for in Article 2922a-2922c of the Revised Civil Statutes.' Said election was ordered to be held within the territory embraced by Saline Common School District #4, Hext Common School District #18, and Menard Independent School District of Menard County, Texas, the three being contiguous districts. A copy of the minutes of the session held by the County Board of School Trustees of Menard County on the 6th day of May, 1948, is attached hereto marked 'Exhibit B', and made a part hereof for all pertinent purposes.

"15. Thereafter, on the 26th day of May, 1948, there was held in the territory embraced by Saline Common School District #4, Hext Common School District #18 and Menard Independent School District, the election ordered by the County Board of School Trustees of Menard County, Texas, on the 6th day of May, 1948, and on the 27th day of May, 1948, the County Board of School Trustees of Menard County, canvassed the returns of the said election held on May 26th pursuant to its order, and finding that a majority of the votes cast at said election in each of said districts were in favor of the annexation of the said Saline Common School District #4 and Hext Common School District #18 to Menard Independent School District, declared the result of said election accordingly, and ordered that Saline Common School District #4 and Hext Common School District #18 had been legally and duly annexed to Menard Independent School District.

"16. The area embraced within Saline Common School District #4, Hext Common School District #18 and Menard Independent School District was in excess of one hundred square miles, and the scholastic population of Menard Independent School District was in excess of 250.

"17. That no contest of the said election held on May 27, 1948, pursuant to the order of the County Board of School Trustees of Menard County, Texas, had been filed or instituted, and more than thirty days has elapsed since the date of said election, and no notice of intention to contest the same has been filed.

"18. That no order was entered by the County Board of School Trustees of Menard County, Texas, prior to the 6th day of May, 1948, ordering an election in the said Saline Common School District #4, or any territory embracing said Common School District, upon the question of annexation of said district to any other school district; and no order has been made or entered before May 6, 1948, by the County Board of School Trustees of Menard County, Texas, attempting to annex said Saline Common School District #4 to any other school district, or to group said Saline Common School District #4 with any other school district to form a rural high school district.

"19. That on or about the 29th day of June, 1948, the State Superintendent of Public Instruction addressed a letter to Honorable M. C. Blackburn, County Judge at Junction, Texas, a copy of which is attached as 'Exhibit C' and made a part hereof for all pertinent purposes.

"Since said date of June 29, 1948, the State Superintendent of Public Instruction has consistently recognized as valid the London Independent School District formed by the consolidation of London Independent School District in Kimble County and Saline Common School District #4 of Menard County, and has paid over to said London Consolidated Independent School District state funds and moneys based upon the interpretation that the district so formed by consolidation was valid, and the said district in reliance upon such recognition has entered into divers contracts incurred various obligations."

It is apparent that the Consolidated School District of London and Saline Districts, and the Consolidated School District of Menard Independent School District, Hext Common School District No. 18 and Saline Common School District No. 4, cannot both be valid as Saline Common School District No. 4 is included in both of said districts.

There is no difficulty about the general rule governing such situations, which is well stated by Judge Critz, speaking for the Supreme Court, in State ex rel. George et al. v. Baker, 120 Tex. 307, 40 S.W.2d 41, 43, as follows: "It is the rule of this state and practically the universal rule that, where co-ordinate jurisdiction over a particular subject-matter is vested in two distinct tribunals, the tribunal first acquiring jurisdiction has the right to retain jurisdiction until it has completely disposed of all matters and issues so presented to it, and no co-ordinate tribunal has any right to interfere with the tribunal first acquiring jurisdiction. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; 15 C.J. p. 1134, Par. 583; Id. p. 1161, Par. 367. These authorities involve the power of courts, but we think the same principle applies here."

In Wichita Common School District No. 11 v. Dickens Independent School District of Dickens County, Tex.Civ.App., 206 S. W.2d 885, 887, the rule is stated thus:

"The county judge and the County Board of School Trustees of Dickens County were therefore co-ordinate bodies, and it is settled law in this state that the tribunal which first acquires jurisdiction of a matter over which another tribunal has co-ordinate jurisdiction retains the jurisdiction so acquired and no co-ordinate tribunal has any right to interfere with it. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41; Lynn County School Board v. Garlynn Common County Line School Dist., Tex. Civ.App., 118 S.W.2d 1070.

"It is the universal rule as far as we can ascertain that, as between courts of co-ordinate jurisdiction, the court first acquiring jurisdiction has the right to retain it until it has completely disposed of all matters and issues involved and, in the Baker case, supra, the Supreme Court held that the same rule applies to school authorities. If the County Judge of Dickens County acquired jurisdiction of the subject matter on February 27, 1947, when the petition requesting him to call the election of March 22, 1947, was presented to him, therefor, appellants are correct in their contention that the election was valid and the Wichita and Patton Springs Common School Districts were legally consolidated. Appellees contend, however, that the county judge did not acquire jurisdiction until he entered the order, which was several hours after the county board of school trustees adopted its resolution and entered its order calling the election for March 29th. These divergent contentions present the question of what constitutes the institution of proceedings such as those involved in this case, and when does jurisdiction attach? We have not been cited to any authority directly in point nor have we been able to find any, but it is well settled in this state, and also in many other jurisdictions, that, in court proceedings, and proceedings before other tribunals, not sua sponte, but having authority to decide or adjudicate questions brought before them by proper petition or complaint, jurisdiction attaches upon the filing of the petition or such other pleadings or documents as are necessary legally to institute the proceedings."

But for the fact that a petition was presented to the County Board of School Trustees on May 3, 1948, requesting that board "to order an election to annex Saline Common School District No. 4 and Hext Common School District No. 18 to the Menard Independent School District," and the petition discussed by the board but not acted upon, other than to defer the same for further consideration at a future meeting, there would be no question about the consolidation of London Independent School District and the Saline Common School District No. 4 being valid, and the attempted annexation of the Hext and Saline Common School Districts to the Menard Independent School District being invalid. Wichita Common School Dist. v. Dickens Independent School District, Tex.Civ.App., 206 S.W. 2d 885; Lynn County School Board v. Garlynn Common County Line School Dist., Tex.Civ.App., 118 S.W.2d 1070; Garrett v. Unity Common School District, Tex.Civ. App., 211 S.W.2d 238.

The question presented is, had the County Board of School Trustees assumed such active jurisdiction of the matter on May 3, 1948, as to give it exclusive jurisdiction of Saline Common School Dis-

trict and to render the action taken by the County Judges of Kimble and Menard Counties, in ordering the consolidating election, null and void? We conclude that it had not. The action taken by the County Board of School Trustees was taken under the provisions of Art. 2922a and Art. 2922c, Vernon's Ann. Civ. Stats., and there is no provision requiring the presentment of a petition. The first legal action required in the forming of a rural high school district under these articles is the ordering of an election by the county board of school trustees. The filing of a petition is in no way required. Appellees point out that the Constitution of Texas, Art. 1, § 27, Vernon's Ann.St. provides for the right of petition, however, it occurs to us that this does not make the filing of a petition the first legal action to be taken in forming a rural high school district. The first legal action taken by the county board which would give it exclusive jurisdiction over other bodies having co-ordinate jurisdiction was the passing of the order for the election on May 6, 1948. When that action was taken a petition such as is required by Art. 2806, Vernon's Ann. Civil Stats., had theretofore been filed with the County Judges of Kimble and Menard Counties, and each had ordered an election to determine whether or not London and Saline School Districts should be consolidated, thus giving such judges exclusive jurisdiction over Saline Common School District, and rendering the election ordered by the County Board of School Trustees null and void.

■ It is apparent that the county board of school trustees of a county is a tribunal sua sponte, with reference to forming a rural high school district. No petition is prescribed as a prerequisite to the forming of such district. The first step required by the statute of the county board, where the district contains an area of more than 100 square miles, is the calling of an election to determine whether or not a majority of the qualified electors in the proposed rural high school district voting at such an election favor the creation of such a district. Art. 2922c, supra. Therefore, a county board of school trustees first acquires ac-

tive and exclusive jurisdiction over a school district when it passes an order calling for an election to determine whether or not a rural high school district should be created and not prior thereto.

If we should hold that some act not required by the statute such as the filing of a petition would be sufficient to confer such exclusive jurisdiction upon the board, then why not hold that the signing of the petition, or the circulation of the petition, or the preparing of the petition for circulation would be sufficient to do so? It seems to us there would be no safe place to draw the line. Holding that one tribunal has such exclusive jurisdiction over a certain school district as to render void the acts of another co-ordinate tribunal taken with reference to such school district is a serious matter and should be based upon a definite legal step or action. It seems to be well settled that the taking of the first legal step or action required by the statute determines the matter and it is that step or action which gives exclusive jurisdiction to a board or tribunal. Under the provisions of Art. 2806, supra, relating to the consolidation of school districts, a petition of twenty or a majority of the legally qualified voters of each of the several school districts must be filed with the county judge before he has authority to call an election, while under the provisions of Art. 2922a and 2922c no petition is required. We are of the opinion that exclusive jurisdiction of a tribunal or school board is fixed when the first legal step or action required by the statute authorizing the creation of the proposed district is actually taken. Art. 2806, Vernon's Ann.Civ.Stats., does require the filing of a petition, and when such petition is filed exclusive jurisdiction is fixed in the county judge or judges with whom the same is filed. Art. 2922c, Vernon's Ann.Civ.Stats., does not require the filing of a petition, therefore, exclusive jurisdiction in the County Board of School Trustees is fixed when that body orders an election to establish a rural high school district, as this is the first legal action required.

■ Appellees further contend that the consolidated district of London and Saline School Districts is void because there is no

stipulation or evidence that these two districts are contiguous, as is required by Art. 2922a and Art. 2922c, supra. We overrule this contention. Appellees were the plaintiffs below and the burden of proof was upon them to show that the London-Saline consolidated district was invalid. Furthermore, it was the duty of the county judges before calling the election to determine that the districts were contiguous. West End Rural High School District of Austin County, Texas v. Columbus Consolidated Independent School District of Colorado County, Tex.Sup.1949, 221 S.W. 2d 777. In the absence of a showing to the contrary the courts will presume these judges did their duty and determined that these districts were contiguous before ordering the election.

The judgment of the trial court will be reversed and judgment here rendered for appellants.