J. T. COUCH et al., Appellants,

v.

CITY OF FORT WORTH, Appellee.

No. 15684..

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 20, 1956.

Rehearing Denied Feb. 17, 1956.

George Gleeson and Clyde & Barnes and Al Clyde, Fort Worth, for appellants.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, G. Gordon Whitman, Earl C. Morgan, and John Gano, Fort Worth, for appellee.

RENFRO, Justice.

On the morning of February 21, 1955, the City Council of the City of Fort Worth passed, on first reading, ordinance No. 3309 annexing certain territory adjacent to the southeast boundaries of said City. On March 4, 1955, certain residents of the involved territory petitioned the County Judge to order an election for incorporation of the Town of Lake City. An election was

ordered and on March 26, 1955, a majority voted for incorporation. The territory included within the boundaries of the area of land sought to be incorporated as the Town of Lake City was included within the boundaries of the area described in ordinance No. 3309 except a small tract across U. S. Highway No. 287.

The city of Fort Worth brought suit on March 29, 1955, in a district court of Tarrant County, requesting the court to declare and establish the validity and precedence of the action of the City Council of Fort Worth in passing ordinance No. 3309, and to remove any cloud or question raised by the incorporation election of March 26, 1955.

Named as defendants were J. T. Couch and others, individually and as a class, who had petitioned the County Judge for previous elections to be hereinafter mentioned.

The County Judge of Tarrant County, the State of Texas, and William G. Hemme, Mayor of the dissolved Town of Lake City, were also made defendants. All disclaimed and were dismissed from the suit.

Trial to the court without a jury resulted in a judgment declaring ordinance No. 3309 valid; that it established a primary annexation and priority jurisdiction in the City of Fort Worth, a Home Rule municipal corporation, of and over the land involved, and that the incorporation election of March 26, 1955, was illegal, invalid and void.

The appellants contend ordinance No. 3309 was ineffective because a prior incorporation of the Town of Lake City was still in existence at the time of the passage of said ordinance.

Appellants filed with the County Judge on October 14, 1954, a petition for an election for incorporation of an area in Tarrant County to be called Town of Lake City. An election was held on October 30, 1954, and the incorporation move was defeated.

Thereafter, on November 12, 1954, appellants again petitioned the County Judge to order an election for incorporation of Town of Lake City. The election was held on November 27, 1954, and resulted in a majority vote for incorporation.

On February 8, 1955, certain voters of Town of Lake City petitioned the County Judge to order an election for the abolishment of Town of Lake City. The election was held on February 19, 1955, and resulted in a vote for abolishment of the municipality. The County Judge on the afternoon of February 21, 1955, signed an order certifying the dissolution of Town of Lake City.

The territory included within the boundaries of the area described in the November 27th election was entirely included within the area described in the October election. Only a few small isolated lots or tracts included in the October election were omitted from the November election.

■ The petitions in the October and November elections sought to incorporate under the provisions of Article 1134, V.T. C.S. The last sentence of Article 1134 reads: "A new election shall not be ordered in less than one year." The Supreme Court in Polk v. Vance, 150 Tex. 586, 243 S.W.2d 829, held that the provision against another election within a year applies to elections to incorporation but is not applicable to elections to abolish a corporate existence. So, if the territory included in the November election was the same territory, or substantially the same, as that included in the October election, the November election of incorporation was invalid for it was held within less than a year of the October election, at which incorporation had been defeated. It is only when a material change is made in the boundaries that a new election can be ordered in less than a year without contravening the statute. Rachford v. City of Port Neches, Tex.Civ.App., 46 S.W.2d 1057.

■ Since the case was tried before the court, any doubt as to the facts raised by the evidence and any view of the law which the court could have applied under the pleadings and the evidence will be resolved in support of the judgment. 3–B Tex.Jur., p. 378, sec. 913.

A careful study of all the evidence, admissions and plats introduced by both parties convinces us that the record supports the implied finding of the trial court that the November incorporation election was void as being in violation of the statute prohibiting another incorporation election within less than a year after incorporation had been defeated. The same proposed name, "Town of Lake City", was used in both. The appellants were petitioners in both. No new territory was added in the November boundary description. The only changes in boundaries were in deletions. The record supports the trial court's implied finding that such deletions were minor and not material changes. Although the record reflects that officers were elected, the record is silent as to any functions performed by the officers or by the purported incorporated Town of Lake City. Certainly no incorporation of any kind as a result of the November election was in existence at the time this suit was filed for the incorporation, if there ever was one, was dissolved by election on February 19, 1955, and a dissolution order signed by the County Judge on February 21st.

The appellants contend that the legality of the November election could only be questioned by quo warranto proceedings. As a general rule, where a municipal corporation has been created under color of statutory authority and is at least a de facto corporation, the existence or legality of its organization may not be attacked collaterally. It can be called in question only in a quo warranto proceeding instituted in the name of the State by a proper representative of the sovereignty or by some individual under authority of the State who has a special interest which is affected by the existence of the corporation. 30–A Tex.Jur., p. 80, sec. 77; Richardson v. State, Tex.Civ.App., 199 S.W.2d 239; Germany v. Pope, Tex.Civ.App., 222 S.W.2d 172. There are recognized exceptions to the above rule, one of which is where the attempt to comply with the provisions of the law authorizing such creation is so utterly lacking or defective as to render the attempt to create it void, especially where the purported corporation has not existed for a sufficient length of time to become a de facto corporation. 30–A Tex. Jur., p. 84, sec. 78; Grisham v. Tate, Tex. Civ.App., 35 S.W.2d 264.

In the instant case the November incorporation election was held in direct violation of the statute prohibiting a new election within less than a year after an election to incorporate had resulted in defeat for such incorporation. In holding the second election appellants were doing what the statute said they could not do. The November election, being in violation of the statute, was so utterly lacking and defective in legality as to render the creation of the corporation void. Being void the City could show in the instant proceedings that such election was void and that in fact no corporate Town of Lake City ever legally existed. Since there was no legally incorporated municipality of Town of Lake City and no legal efforts being made as of February 21, 1955, to so incorporate, the City of Fort Worth was free to annex the territory.

The municipal authority, be it one having a legal existence or in the process of organization, which first commences legal proceedings asserting authority over a given territory thereby acquires a jurisdiction over the same which cannot thereafter be defeated by a subsequent attempted exercise of jurisdiction by a similar municipal organization. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41; State ex rel. Binz v. City of San Antonio, Tex.Civ.App., 147 S.W.2d 551; City of Terrell Wells v. City of San Antonio, Tex. Civ.App., 216 S.W.2d 657; City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928.

As the territory here involved was not within the limits of another municipal corporation on February 21, 1955, the annexation proceedings of the City of Fort Worth were valid and must be upheld. It follows that the subsequent attempt of appellants in March to incorporate was ineffective.

We overrule the appellants' contention that the District Court did not have jurisdiction to entertain a declaratory judgment suit of this nature. The suit, as previously set out, was brought for the purpose of establishing the validity of Fort Worth city ordinance No. 3309. Under the terms of the Uniform Declaratory Judgments Act, Article 2524-1, V.T.C.S., the validity of municipal ordinances and a declaration of rights, statutes or other legal relations thereunder may be determined in a suit for declaratory judgment. The authorities so hold. Pierce v. City of Stephenville, Tex. Civ.App., 206 S.W.2d 848; Clark v. City of Dallas, Tex.Civ.App., 228 S.W.2d 946.

The judgment of the trial court is affirmed.