Jack GRIESENBECK et al., Appellants,

v.

Willie SCHINDLER et al., Appellees.

No. 5041.

Court of Civil Appeals ·of Texas,
Eastland.

May 26, 1977.

Rehearing Denied June 16, 1977.

J. C. Hinsley and Michael G. Maloney,
Austin, for appellants.

Michael J. Simmang, Allan I. Schneider,
Giddings, for appellees.

RALEIGH BROWN, Justice.

This is an appeal from the granting of a
writ of mandamus requiring Jack Griesen-
beck, County Judge of Bastrop County, to
call an election among the voters of the
Paige Independent School District for con-
solidation of said district with the Giddings
Independent School District. Willie Schin-
dler, James McPhaul, E. A. Arldt, D. E.
Ahlhorn and Cornell Kunkel, in their offi-
cial capacity as the Board of Trustees of
Paige Independent School District, Alton
Patschke and Alfred Orts, and Giddings
Independent School District were plaintiffs.
Griesenbeck, and the Bastrop County School
Board, composed of Olan Voigt, W. B.
Townsend, Johnny Barton, W. E. Ward and
John H. Wieting, County School Superin-
tendent of Bastrop County, were defend-
ants. Bastrop Independent School District
was an Intervenor. Defendants and Inter-
venor appeal. We reverse and render.

Bastrop Independent School District and
Paige Independent School District are locat-
ed wholly in Bastrop County. All of the
schools of the Giddings Independent School
District are located in Lee County.

On May 4, 1976, at a regular meeting of
the Bastrop County School Trustees, the
status and the question of annexation of
the Paige Independent School District was
discussed. It was agreed no action would
be taken at that time.

On May 18, 1976 at 4:45 p.m., Olan Voigt, President of the Bastrop County School Trustees, filed with the County Clerk and posted a notice of a special called meeting of the Trustees for 10:00 a.m., May 19, 1976, with the subject to be discussed the consideration of annexation of the Paige Independent School District to the Bastrop Independent School District. The notice included, "Due to the urgent nature of the business to be transacted at this meeting this meeting is called an emergency."

Voigt testified:

"Q  Mr. Voigt, you did determine to call a special meeting of the County School Trustees, did you not?

A  Yes, sir.

Q  Can you tell us on what day you reached that decision?

A  Well, I don't just exactly recall just what day it was.

Q  The plaintiffs have introduced in evidence a notice as Plaintiffs' Exhibit Number 4 which shows that it was posted on May the 18th, 1976, at 4:45 in the afternoon by the county clerk. Now, is that correct, according to your recollection?

A  Yes, sir.

Q  And prior to that hour, had you called or ordered a meeting, a special meeting of the County School Trustees prior to the posting of the notice?

A  Yes, sir.

Q  Now, this notice, Plaintiffs' Exhibit Number 4 says, 'The subject to be discussed is the consideration of annexation of Paige Independent School District to Bastrop Independent School District.'

A  Yes, sir.

Q  Now, at that time have you testified that you had been informed that a petition was being circulated in the Paige Independent School District for a consolidation election with the Giddings Independent School District?

A  Yes, sir.

Q  Do you know whether at the time this notice was posted, which states that the subject to be discussed is the consideration of annexation of Paige Independent School District to Bastrop Independent School District, any such petition had been given to Judge Griesenbeck, the county judge?

A  No, sir.

Q  You don't know, or it hadn't been?

A  As far as I know, it hadn't been."

On May 19, 1976 at 10:00 a.m., the County School Trustees of Bastrop County met pursuant to the notice and passed the order annexing the Paige Independent School District to the Bastrop Independent School District.

On May 19, 1976 at 8:36 a.m., Judge Griesenbeck received a petition requesting the calling of an election for the purpose of consolidating the Paige Independent School District with the Giddings Independent School District. On the same day, at 2:05 p.m., a petition from the voters of the Giddings District to consolidate with the Paige District was filed with the Lee County Judge.

Appellants argue the trial court erred in ordering the issuance of a writ of mandamus directing and commanding Judge Griesenbeck to call an election among the voters of the Paige District to consider the question of consolidation with the Giddings District because the undisputed evidence established that the School Trustees of Bastrop County acquired exclusive jurisdiction to dispose of the territory of the Paige District prior to the time of filing of any petition with Judge Griesenbeck seeking the calling of an election to decide the question of consolidation of the Paige District with the Giddings District, thereby depriving Judge Griesenbeck of any jurisdiction to call such an election.

Texas statutes provide two methods, under differing jurisdiction, for joining one or more school districts with each other to form a larger district. Consolidation, as provided by Section 19.231–19.242, Texas Education Code, is accomplished by elec-

tions initiated by petitions from voters in the respective school districts addressed to the appropriate county judge or judges with the elections being canvassed by commissioners' courts and with orders entered by such courts. Annexation, as provided by Section 19.001, Texas Education Code, is under the jurisdiction of county boards of school trustees. No petitions were required to initiate action by the trustees to annex one or more districts to other districts and no election was required except in certain situations involving the grouping (not involved in the case before us), as opposed to annexation, of a large number of school districts containing more than 100 square miles to form a rural high school district.

Disposition of the issue of which of two or more tribunals with potential jurisdiction has jurisdiction is resolved by the rule as stated in *Erath County School Trustees v. Hico County Line Independent School District*, 247 S.W.2d 564 (Tex.Civ.App.–Eastland 1952, writ ref.):

". . . The rule is that where coordinate jurisdiction over a particular subject matter is vested in two distinct tribunals that which first acquires active jurisdiction has the right to retain jurisdiction until it has disposed of the matter and no coordinate tribunal has the right to interfere. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063; *State ex rel. George v. Baker*, 120 Tex. 307, 40 S.W.2d 41; *Garrett County Judge v. Unity Common School Dist.*, Tex.Civ.App., 211 S.W.2d 238; *Wichita Common School Dist. No. 11 v. Dickens Independent School Dist. of Dickens County*, Tex.Civ.App., 206 S.W.2d 885; *Lynn County School Board v. Garlynn Common County Line School Dist.*, Tex.Civ.App., 118 S.W.2d 1070; 21 C.J.S. Courts § 492, page 745."

The crucial issue in the instant case relates to which tribunal first acquired active jurisdiction. Appellants urge the jurisdiction of the Bastrop County Trustees over the matter was attained on May 4, when the annexation was discussed at their meeting, or at least on May 18, when the notice for its May 19 meeting was posted. Final-

ly, appellants contend since no petition was filed with the County Judge of Lee County until 2:05 on May 19 and the Trustees acted authorizing the annexation at its meeting at 10:00 a.m. on the same day, there is a serious question whether the County Judge of Bastrop County or Lee County ever acquired jurisdiction to call a consolidation election.

Appellees concede the Trustees acquired jurisdiction at the May 4 meeting, but by their action retained no jurisdiction after the close of the meeting. Appellees, also, argue that the mere posting of the notice on May 18 of the meeting to be held on May 19 did not vest the Trustees with jurisdiction.

■ The clear provisions of Section 19.-232, Texas Education Code, vest the county judge with jurisdiction to order a consolidation election upon being presented a proper petition. *Lynn County School Board v. Garlynn Common County Line School Dist.*, 118 S.W.2d 1070 (Tex.Civ.App.–Amarillo 1938, writ ref.). Section 19.001, Texas Education Code, makes no requirement for a petition and the school trustees without notice, without a hearing, without an election, without consent of the district involved are authorized to annex one school district to another. *Neill v. Cook*, 365 S.W.2d 824 (Tex.Civ.App.–Eastland 1963) writ ref. n. r. e. per curiam, 376 U.S. 202, 84 S.Ct. 698, 11 L.Ed.2d 650; *District Trustees of Campbellton Consolidated Common School District No. 16 v. Pleasanton Independent School District*, 362 S.W.2d 122 (Tex.Civ.App.–San Antonio 1962, writ ref. n. r. e.).

Since the enactment of Article 6252–17, V.A.T.S., annexation without notice is impossible. The court in *Toyah Independent School District v. Pecos-Barstow Independent School District*, 466 S.W.2d 377 (Tex. Civ.App.–San Antonio 1971, no writ) considering the failure of the county board of school trustees to comply with provisions of the "Open Meeting Law" said:

"It must be remembered that the Reeves Board is but a political subdivision of the State of Texas. It is axiomatic that local governing bodies are entities

and that the members can perform no valid act except as a body at meetings properly convened and conducted. This general rule is applicable to the governing bodies of school districts. 3A Antieau, Local Government Law (Independent Local Government Entities) Sec. 30C.06, p. 30C–13 (1970).

Article 6252–17, supra, unambiguously prohibits the holding of closed meetings by governmental bodies unless the matter under consideration is one of the subjects which the statute permits to be considered and acted on in executive session. As applied to this case, since none of the statutory exceptions are applicable, the Reeves Board was authorized to act only at a meeting which was open to the public. It is an anomaly to say that a meeting, the holding of which is forbidden by law, is a legal meeting."

Section 3A of Article 6252–17, V.A.T.S., requires:

"Sec. 3A. (a) Written notice of the date, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section.

.        .        .        .        .

(e) The governing body of a school district, water district, other district, or other political subdivision shall have a notice posted at a place convenient to the public in its administrative office, and shall also furnish the notice to the county clerk or clerks of the county or counties in which the district or political subdivision is located. The county clerk shall then post the notice on a bulletin board located at a place convenient to the public in the county courthouse.

(f) Notice of a meeting must be posted for at least the three days preceding the day of the meeting. However, in case of emergency or urgent public necessity, which shall be expressed in the notice, it is sufficient that the notice is posted before the meeting is convened or called to order."

Appellees do not contend that Bastrop County School Board failed to satisfy this requirement by its notice of May 18. The issue is did the posting of the notice give the trustees the first acquired active jurisdiction of the matter.

The court in *London Independent School Dist. v. Thomerson*, 223 S.W.2d 314 (Tex. Civ.App.–San Antonio 1949, writ dism'd) considering which of two tribunals having coordinate jurisdiction first obtained jurisdiction said:

"If we should hold that some act not required by the statute such as the filing of a petition would be sufficient to confer such exclusive jurisdiction upon the board, then why not hold that the signing of the petition, or the circulation of the petition, or the preparing of the petition for circulation would be sufficient to do so? It seems to us there would be no safe place to draw the line. Holding that one tribunal has such exclusive jurisdiction over a certain school district as to render void the acts of another co-ordinate tribunal taken with reference to such school district is a serious matter and should be based upon a definite legal step or action. It seems to be well settled that *the taking of the first legal step or action required by the statute determines the matter and it is that step or action which gives exclusive jurisdiction to a board or tribunal . . . .*" (Emphasis ours)

See also *Handley v. Coker*, 248 S.W.2d 814 (Tex.Civ.App.–Beaumont 1952, writ ref.).

The court in *Handley*, supra, quoted from *City of Fort Worth v. State ex rel. Ridglea Village*, 186 S.W.2d 323 (Tex.Civ.App.–Fort Worth 1945, ref. W.M.) as follows:

" 'The doing of the first thing required by the statutes marks the beginning of the proceedings.' "

The first requirement since the passage of the Open Meeting Law for an annexation by the Bastrop County School Trustees was the posting of notice. That posting was prior in time to the filing of the petition with the County Judge of Bastrop County. We hold the posting of that notice marked the beginning of the proceedings and vested jurisdiction with the Trustees

prior to the jurisdiction being vested with the County Judge. A contrary holding would permit a disorderly procedure. It could effectively result in the trustees losing their ability to annex school districts upon the filing of the required public notice.

The trial court erred in granting the mandamus. This holding makes it unnecessary to consider the other points of error presented by appellants.

The judgment is reversed and rendered.