August 27, 2010

The Honorable Patrick M. Rose
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0795

Re: Jurisdiction over land that is annexed by two separate special districts (RQ-0812-GA)

Dear Representative Rose:

You ask about the jurisdiction of two water districts, each of which has the power of a groundwater conservation district, over land annexed by both districts under the two separate annexation procedures provided in chapter 36 of the Water Code.[1]

Under two separate procedures described in chapter 36, a groundwater conservation district may add territory to the district by annexation if requested to do so by landowners. One procedure, authorized by section 36.321, permits annexation of land pursuant to a petition of the owner of that land. *See* TEX. WATER CODE ANN. § 36.321 (Vernon 2008). After hearing and considering the petition, the district's board of directors may add the land described in the petition if it is advantageous to the petitioner and the district. *See id.* § 36.323(a). A second procedure, authorized by section 36.325, permits annexation of territory pursuant to a petition executed by landowners in the territory, subject to approval at an election held for that purpose. *See id.* §§ 36.325, .328. Such a petition "must be signed by: (1) a majority of the landowners in the territory; [or] (2) at least 50 landowners if the number of landowners is more than 50." *Id.* § 36.325(b). After holding hearings and finding that the addition would benefit the district and the territory, the district may add all or part of the territory. *See id.* §§ 36.326, .327. However, "[a]nnexation of the territory is not final until ratified by a majority vote of the voters in the territory to be added." *Id.* § 36.328(a).

You state that the particular annexation giving rise to your inquiry involves territory in eastern Caldwell County that was not, before the competing annexations, within the jurisdiction or regulatory authority of any groundwater district. *See* Request Letter at 1. In October 2007, landowners petitioned the Gonzalez County Underground Water Conservation District ("GCUWCD")[2] to annex 77,440 acres in the unregulated territory contiguous to GCUWCD's

---

[1]Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov).

[2]The GCUWCD is a groundwater conservation district created under the general laws pursuant to an order of the Texas Commission on Environmental Quality. *See* Brief from J.D. Head, Fritz, Byrne, Head & Harrison, PLLC,

(continued...)

boundaries pursuant to Water Code section 36.325. *See id.* In December 2007, the GCUWCD board of directors approved the annexation and residents of the affected territory approved the annexation by an affirmative vote at a ratification election in May 2008. *See id.* In February and March 2008—after commencement of the GCUWCD annexation process but before the May 2008 ratification election—thirteen separate landowners presented individual petitions to the Plum Creek Conservation District ("PCCD")[3] requesting annexation of their respective properties—totaling 14,202 acres. No ratification election was statutorily required, and the PCCD board of directors approved the thirteen petitions. *Id.* "The entirety of these 14,202 acres, newly annexed by petition into the PCCD in February/March 2008, was included in the 77,440 acres previously scheduled, and subsequently approved, in the May 2008 [GCUWCD] confirmation election." *Id.* Both GCUWCD and PCCD now "claim . . . authority to regulate the properties for purposes of groundwater conservation, and both districts intend to levy taxes on the property." *Id.*

As a matter of general law, "two governmental entities may not exist at the same time over the same territory *for the same purpose.*" *Glasscock Underground Water Conservation Dist. v. Pruit,* 915 S.W.2d 577, 584 (Tex. App.—El Paso 1996, no writ) (emphasis added). Because both GCUWCD and the PCCD are chapter 36 districts, they operate *for the same purpose* and thus, the 14,202 acres at issue here may not, under the language of *Pruit* and in the absence of legislation to the contrary, be included within the territory of both districts. You ask that we determine which of the two districts has jurisdiction over the dually-annexed land, i.e., the same 14,202 acres.

Historically, in the absence of a controlling statutory scheme, the common-law first-in-time rule governed competing claims to property. *City of Roanoke v. Town of Westlake,* 111 S.W.3d 617, 630 (Tex. App.—Fort Worth 2003, pet. denied); *see also State v. Baker,* 40 S.W.2d 41, 42–43 (Tex. 1931) (applying first-in-time rule to two different types of school districts established over the same territory). While not limited to cities, the rule was primarily utilized in the context of municipal annexations. Under this rule, the first governmental entity to *begin* annexation procedures on unclaimed territory obtained exclusive jurisdiction over that property. *City of Cresson v. City of Granbury,* 245 S.W.3d 61, 65 (Tex. App.—Fort Worth 2008, pet. denied) (citing *City of San Antonio v. City of Boerne,* 111 S.W.3d 22, 27 (Tex. 2003)). In the present situation, GCUWCD received an annexation petition in October 2007, and in December 2007, it approved the petition and called an election to ratify the annexation. *See* Request Letter at 1. PCCD received and approved annexation

---

Attorney for the GCUWCD at 2 (Aug. 26, 2009) [hereinafter GCUWCD Brief]. Thus, it has the powers of a groundwater conservation district under chapter 36 of the Water Code. *See id.* The GCUWCD originally included eighty-five percent of the land in Gonzalez County, excluding land in the southeastern part of the county bordering Lavaca and DeWitt Counties. *See id.*

[3]The PCCD was created by special legislation initially as a water control and improvement district and later granted the powers of an underground water district under former chapter 52 of the Water Code. *See* Act of Apr. 17, 1957, 55th Leg., R.S., ch. 126, 1957 Tex. Gen. Laws 267, *as amended by* Act of May 3, 1973, 63d Leg., R.S., ch. 133, 1973 Tex. Gen. Laws 283; Act of May 27, 1981, 67th Leg., R.S., ch. 659, 1981 Tex. Gen. Laws 2499; Act of May 20, 1989, 71st Leg., R.S., ch. 952, 1989 Tex. Gen. Laws 4018. The PCCD covers parts of Caldwell and Hays Counties. *See* Plum Creek Conservation District, PCCD History, *available at* http://www.pccd.org/about.htm (last visited Aug. 23, 2010).

petitions covering a portion of the same territory in February and March of 2008. *See id.* at 2. Under the first-in-time rule, GCUWCD would appear to have acquired exclusive jurisdiction over the disputed territory for the purposes of annexation to the exclusion of PCCD.

While it is possible that a court would apply the first-in-time rule, we cannot be certain that it will. A court could read chapter 36 to address the competing claims to territory annexed under the two statutory procedures at issue and conclude that to resort to the first-in-time rule is unwarranted. *See* TEX. WATER CODE ANN. § 36.328(a) (Vernon 2008); *see also City of Cresson*, 245 S.W.3d at 67 (in the context of competing municipal claims to the same property, suggesting that the first-in-time rule should be applied only as a "gapfiller" when the statutory scheme does not adequately address which city is entitled to assert jurisdiction). Section 36.328, which applies to an annexation petition filed under section 36.325, expressly provides that "[a]nnexation of the territory is *not final* until ratified by a majority vote of the voters in the territory to be added." TEX. WATER CODE ANN. § 36.328(a) (Vernon 2008) (emphasis added). Because the annexation is not final until it is approved by a vote at a ratification election held for that purpose, a district that annexes territory pursuant to the section 36.325 procedure is arguably not entitled to assert jurisdiction over that territory until an election has been held and the voters have ratified the annexation. Before the section 36.325 annexation is final, if the second district proceeds under the section 36.321 annexation procedure to add the same territory, it is arguably authorized to do so because no other district has jurisdiction over the territory, including the first district. *Id.* §§ 36.321–.323 (authorizing annexation of land pursuant to a petition of the landowner). Consequently, when the first district then proceeds to hold its ratification election on a subsequent date, it arguably is not entitled to assert jurisdiction over the territory because the territory is already included within the second district pursuant to the section 36.321 annexation procedure.

In sum, we believe that, while a court might have a basis to apply the first-in-time rule, we cannot predict with confidence whether a court would do so here. Indeed, we believe that a court could also find that the first annexation was "not final" and that the section 36.321 annexation was therefore authorized. The briefing provided to us does not identify any Texas case squarely addressing this question, and we have found none. This appears to be a question of first impression, and given the current state of the law, we cannot predict how a Texas court would resolve this issue. As a result, we cannot definitively answer your question. *See* Tex. Att'y Gen. Op. No. GA-0630 (2008) at 4 ("The attorney general's . . . duty to render legal advice . . . does not include the authority to legislate or to establish binding judicial precedent[,]" but is to "advise only about our understanding of the current status of the law."); *accord* Tex. Att'y Gen. Op. No. GA-0279 (2004) at 4–5.

## S U M M A R Y

Whether a water district—that adds territory pursuant to individual petitions of separate landowners, in compliance with Water Code sections 36.321 through 36.324, *before* annexation of the same territory by another groundwater district is ratified at an election under section 36.328—acquires jurisdiction over the subject territory depends on whether a court would apply the first-in-time rule to competing chapter 36 annexation claims. Applying the first-in-time rule, a court could find that the first district to *initiate* annexation procedures acquires jurisdiction. A court could also find that the first district to *finalize* the annexation acquires jurisdiction. This office cannot predict, in the apparent absence of judicial precedent, how a Texas court would resolve this issue. As a result, we cannot definitively answer your question.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee